[No. A105383. First Dist., Div. Three. Jan. 31, 2006.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL ROBERT HISCOX, Defendant and Appellant.

**[CERTIFIED FOR PARTIAL PUBLICATION\*]**

---

*Pursuant to California Rules of Court, rules 976(b) and 976.1, this opinion is certified for publication with the exception of part 1 and part 2.

**COUNSEL**

Linda Buchser, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Catherine A. Rivlin and Allan Yannow, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**PARRILLI, J.**—A defendant may be convicted of child molestation based on "generic" testimony from the victim—"testimony describing a series of essentially indistinguishable acts of molestation." (*People v. Jones* (1990) 51 Cal.3d 294, 299–300 [270 Cal.Rptr. 611, 792 P.2d 643] (*Jones*).) Because such testimony may fail to establish when the acts underlying the charges occurred, serious problems with the ex post facto application of newly enacted sentencing statutes may arise. This is such a case. We conclude it is the prosecution's responsibility to prove to the jury that the charged offenses occurred on or after the effective date of the statute providing for the defendant's punishment. When the evidence at trial does not establish that fact, the defendant is entitled to be sentenced under the formerly applicable statutes even if he raised no objection in the trial court.

A jury convicted Michael Robert Hiscox on 11 counts of lewd and lascivious conduct with a child. (Pen. Code, § 288.)[1] Each count included a finding of "substantial sexual conduct" under section 1203.066, subdivision (a)(8). The jury also found the offenses involved multiple victims under sections 667.61 and 1203.066, subdivision (a)(7). The court applied section 667.61 to impose 11 consecutive terms of 15 years to life.

On appeal, Hiscox contends: (1) evidence of his confession was improperly admitted because the confession was procured by promises of leniency; (2) the admission of "generic" testimony by the victims describing the incidents of abuse denied him the rights to unanimous jury verdicts, to present a defense, to due process, and resulted in verdicts based on insufficient evidence; (3) his sentencing under section 667.61 violated the ex post facto clauses of the state and federal Constitutions; (4) findings made by the court for the purpose of sentencing under section 667.61 violated the *Blakely* rule (*Blakely v. Washington* (2004) 542 U.S. 296 [159 L.Ed.2d 403, 124 S.Ct.

---

[1] Further statutory references are to the Penal Code.

2531]); and (5) the court failed to understand its discretion to impose concurrent sentences under section 667.61.[2]

We conclude the confession was properly admitted, and there was no error in the admission of "generic testimony." However, we agree that sentencing under section 667.61 was prohibited by ex post facto principles. We remand for resentencing under the law in effect before the effective date of that statute. Our resolution makes it unnecessary to address Hiscox's fourth and fifth claims of error.

The offenses were committed while Hiscox was living with Theresa C., the victims' mother. We discuss further relevant facts in connection with Hiscox's claims.

## DISCUSSION

1., 2.[*]

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

3. *The Ex Post Facto Violation*

 Hiscox was sentenced under section 667.61, sometimes referred to as the "One Strike Law." This statute, which took effect on November 30, 1994, requires indeterminate life terms for certain sex offenses. (*People v. Wutzke* (2002) 28 Cal.4th 923, 926, 929 [123 Cal.Rptr.2d 447, 51 P.3d 310]; 3 Witkin & Epstein, Cal. Criminal Law (3d ed. 2000) Punishment, § 386 et seq., p. 516 et seq.) The sentences prescribed by section 667.61 greatly exceed the determinate sentences previously available for violations of section 288. Therefore, the ex post facto clauses of the United States and California Constitutions preclude sentencing under section 667.61 for offenses committed before November 30, 1994. (*People v. Alvarez* (2002) 100 Cal.App.4th 1170, 1178 [122 Cal.Rptr.2d 859].)[5]

Here, the amended information charged all 11 counts under section 288 as occurring "on or about the years of 1992 through 1996." The jury was instructed that Hiscox was accused of committing the charged offenses "on or about a period of time between 1992 and 1996," and that "in order to find the

---

[2] The third, fourth, and fifth claims of error were raised in a supplemental opening brief.

[*] See footnote, *ante*, page 253.

[5] The federal and state ex post facto clauses are interpreted the same way. For simplicity's sake, we refer to them as a single constitutional provision. (*People v. Frazer* (1999) 21 Cal.4th 737, 754, fn. 15 [88 Cal.Rptr.2d 312, 982 P.2d 180], disapproved on other grounds in *Stogner v. California* (2003) 539 U.S. 607, 610 [156 L.Ed.2d 544, 123 S.Ct. 2446].)

defendant guilty, you must unanimously agree upon the commission of the same specific act or acts constituting the crime or all of the acts described by the alleged victim[s] within the period alleged. It is not necessary that a particular act or acts committed so agreed upon be stated in the verdict."

It is clear that neither the prosecution, the defense, nor the court realized that the effective date of section 667.61 presented a problem of proof regarding when the charged offenses were committed. The prosecutor did not ask the victims to identify when they were molested with any specificity. The evidence did not reliably connect the various charges to any time frame other than the period between 1992 and 1996. The court did not instruct the jury that its findings under section 667.61 were restricted to offenses committed on or after November 30, 1994, and defense counsel raised no ex post facto objection. The probation officer who recommended sentencing under section 667.61 erroneously described Hiscox's relationship with Theresa C., which led to the molestations, as beginning in 1995.

■ The Attorney General concedes that an ex post facto violation resulting in an unauthorized sentence may be raised on appeal even if the defendant failed to object below. (*People v. Zito* (1992) 8 Cal.App.4th 736, 741–742 [10 Cal.Rptr.2d 491].) However, the Attorney General contends Hiscox's sentences were "unauthorized" only if an ex post facto violation is clear and correctable independent of any factual issues presented by the record. For this proposition, he relies on *People v. Scott* (1994) 9 Cal.4th 331, 354 [36 Cal.Rptr.2d 627, 885 P.2d 1040] (*Scott*): "Although the cases are varied, a sentence is generally 'unauthorized' where it could not lawfully be imposed under any circumstance in the particular case. Appellate courts are willing to intervene in the first instance because such error is 'clear and correctable' independent of any factual issues presented by the record at sentencing. ([*People v.*] *Welch* [(1993)] 5 Cal.4th 228, 235 [19 Cal.Rptr.2d 520, 851 P.2d 802].)"

The Attorney General then refers to the trial record, in light of the prosecutor's closing argument that the "easiest way" for the jury to unanimously agree on specific acts would be to consider the counts as if they were based on certain acts committed in certain residences, such as the first and last acts the victims described as occurring on multiple occasions. The Attorney General concludes two counts may reasonably be related to conduct occurring before the effective date of section 667.61, eight counts may reasonably be related to conduct occurring after the effective date, and one count can only be viewed as relating to conduct occurring after the effective date. He thus concedes that resentencing is required on two counts. As to the eight counts that might have been based on acts occurring after the effective date, he contends there was no ex post facto violation, or in the alternative that

Hiscox forfeited his ex post facto claim by failing to object at sentencing, where the record might have been further developed to ascertain a timeline with some specificity. Were we to decide both that the evidence is insufficient to establish when the acts occurred, and that Hiscox did not forfeit his claim by failing to object, the Attorney General suggests it would be appropriate to remand for further development of the record.

Hiscox contends any forfeiture of his ex post facto claim would be the result of ineffective assistance of counsel. He argues the prosecutor's comments cannot be relied on to establish the time of his offenses because they were clearly only suggestions, and the unanimity instruction permitted the jury to find him guilty without ever deciding when the offenses were committed. Hiscox claims it is impossible on this record to know whether even one verdict was based on an act committed when section 667.61 was in effect, and therefore he cannot be sentenced under that statute. He also asserts it would be a violation of his right to a jury trial to permit the trial court at sentencing to determine which acts supported the jury's verdicts.

■ We conclude the ex post facto claim is not forfeited, and the prosecution's failure to establish the time of the offenses at trial precludes sentencing under section 667.61. ■ When a failure of proof by the prosecution results in a trial record that is inadequate to support a sentence, *Scott* does not require an objection at sentencing to preserve a claim of error. The *Scott* court's reference to error that is " 'clear and correctable' independent of any factual issues presented by the record at sentencing" refers to the record developed posttrial for purposes of sentencing, not to the trial record. This is clear from the high court's acknowledgment that error is not waived by failure to object to an "unauthorized" sentence resulting from a misapplication of section 654. (*Scott, supra,* 9 Cal.4th at p. 354, fn. 17.) In order to determine whether a defendant has been subject to the multiple punishment prohibited by section 654, an appellate court must resort to an examination of the trial record (just as the Attorney General examines the record here in an attempt to establish that some of Hiscox's offenses occurred before the effective date of section 667.61). Thus, such error is correctable "independent of any factual issues" developed for the sentencing hearing, but not without regard to those developed at trial. (See also *People v. Welch, supra,* 5 Cal.4th at p. 235 ["unauthorized" sentences "generally involve pure questions of law that can be resolved without reference to the particular *sentencing record* developed in the trial court" (italics added)].)

■ The ex post facto claim is thus properly before us. It must be resolved on the basis of the trial record. Any failure to establish whether Hiscox's offenses occurred before or after the effective date of section 667.61 could not be cured at the sentencing hearing, either in the first instance or on remand

from this court. In *Jones*, our Supreme Court articulated "the minimum quantum of proof necessary to support a conviction on one or more counts based on . . . generic testimony" from victims of child molestation. (*Jones, supra*, 51 Cal.3d at p. 314.) "The victim, of course, must describe *the kind of act or acts committed* with sufficient specificity, both to assure that unlawful conduct indeed has occurred and to differentiate between the various types of proscribed conduct (e.g., lewd conduct, intercourse, oral copulation or sodomy). Moreover, the victim must describe the *number of acts* committed with sufficient certainty to support each of the counts alleged in the information or indictment (e.g., 'twice a month' or 'every time we went camping'). Finally, the victim must be able to describe *the general time period* in which these acts occurred (e.g., 'the summer before my fourth grade,' or 'during each Sunday morning after he came to live with us'), to assure the acts were committed within the applicable limitation period." (*Id.* at p. 316, italics in original.) Compliance with these three minimum prerequisites is essential to preserve the defendant's right to a unanimous jury verdict. (*Id.* at p. 321.)

▮ The limitation on punishment under section 667.61 imposed by the ex post facto clause is no different, for our purposes, than the limitation period mentioned by the *Jones* court. A prosecutor who relies on generic testimony to support a child molestation charge must establish a time frame for the offenses sufficient to bring them within the scope of any statutory or constitutional limitation on punishment. We do not believe the *Jones* court, when it laid out the quantum of proof necessary for generic testimony to comply with the requirements of due process, contemplated that a failure to establish the minimum prerequisites at trial could be cured by judicial factfinding at the sentencing hearing. Such a procedure would raise serious Sixth Amendment concerns. The right to a jury trial requires that "[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." (*United States v. Booker* (2005) 543 U.S. 220, 224 [160 L.Ed.2d 621, 125 S.Ct. 738].) "When a judge inflicts punishment that the jury's verdict alone does not allow, the jury has not found all the facts 'which the law makes essential to the punishment,' [citation], and the judge exceeds his proper authority." (*Blakely v. Washington, supra*, 542 U.S. 296, 304.)

The maximum penalty that may be imposed on Hiscox depends on whether he committed his offenses before or after the effective date of section 667.61. Therefore, to invoke the sentencing provisions of section 667.61 the prosecutor had to prove to the jury that Hiscox committed those offenses on or after the statute's effective date. We agree with Hiscox that it is inappropriate to rely on the prosecutor's closing argument to correlate the charged crimes with the acts described by the victims. The prosecutor clearly explained that her breakdown of the offenses was not the only way to link the charges to

Hiscox's conduct, but merely "the easiest way" to consider the evidence, which provided "many ways to find the defendant guilty." Actually, the easiest path for the jury to follow was suggested by the unanimity instruction—agreeing that Hiscox committed all the acts described by the victims. J. and C. described many more acts of molestation than were charged against Hiscox. Thus, the jury could have returned guilty verdicts without considering when any particular offense occurred.[6]

Since the jury was not asked to make findings on the time frame within which the offenses were committed, the verdicts cannot be deemed sufficient to establish the date of the offenses unless the evidence leaves no reasonable doubt that the underlying charges pertained to events occurring on or after November 30, 1994. (*Chapman v. California* (1967) 386 U.S. 18, 24 [17 L.Ed.2d 705, 87 S.Ct. 824].) It would be inappropriate for us to review the record and select among acts that occurred before and after that date, or to infer that certain acts probably occurred after that date. Hiscox has a constitutional right to be sentenced under the terms of the laws in effect when he committed his offenses. For a court to hypothesize which acts the jury may have based its verdicts on, or what dates might be attached to certain acts based on ambiguous evidence, would amount to "judicial impingement upon the traditional role of the jury." (*Blakely v. Washington, supra,* 542 U.S. at p. 309.)

Under this scope of review, none of the 11 counts can be deemed to relate to conduct occurring on or after the effective date of section 667.61. Hiscox lived with Theresa C. and her children in three different residences between 1992 and 1996. None of the witnesses were certain about when the moves between these residences occurred (though it appears most likely that the final move to a house in Arcata happened before the school year began in 1994). Thus, the testimony regarding where the offenses were committed does not show whether they happened before or after section 667.61 took effect. The one offense the Attorney General contends was certainly committed after November 30, 1994 is count 11, a charge of molestation against D. The Attorney General reasons that because D. testified he was first molested in the first grade, and he was born in 1989, the offense against him must have occurred after 1994.

We disagree. As Hiscox points out, there was no testimony regarding D.'s age when he entered first grade. Furthermore, D.'s testimony was indefinite. He said the molestation began when he was "probably about first grade." He also testified that he was "about fourth grade" when he, his brothers, and his mother stopped living with Hiscox. Theresa C. was reasonably certain that

---

[6] It would have been a simple matter for the verdict forms to ask the jury to find whether each offense was committed on or after November 30, 1994.

she and Hiscox separated in September 1996. If D. were in fourth grade in 1996, presumably he would have been in first grade in 1993. On this state of the evidence, it simply cannot be said the prosecutor succeeded in establishing that any particular offense was committed when section 667.61 was in effect.

## DISPOSITION

The convictions are affirmed. The sentences are vacated, and the matter is remanded for resentencing under the law in effect prior to November 30, 1994.

McGuiness, P. J., and Siggins, J., concurred.

Appellant's petition for review by the Supreme Court was denied May 17, 2006, S141808.