Filed 4/17/14  P. v. Leite CA1/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>EDWARD RICHARD LEITE,<br><br>        Defendant and Appellant. | A138456<br><br>(Alameda County<br>Super. Ct. No. H50864) |

Defendant Edward Richard Leite appeals from a judgment convicting him one count of intercourse with a child under 10 years old, four counts of lewd acts with a child under 14 years old and one count of possession of child pornography, and sentencing him to a prison term of 125 years to life plus three years. On appeal, defendant challenges the sufficiency of the evidence and the instructions with regard to the four counts of lewd conduct. He also argues that the court erred in imposing consecutive 25-year-to-life terms on those four counts. We find no reversible error with regard to his convictions but agree that the sentence must be corrected.

### Factual and Procedural History

Defendant was charged by amended information with one count of intercourse with a child under 10 years (Pen. Code,[1] § 288.7, subd. (a); count one), four counts of lewd acts with a child under 14 years (§ 288, subd. (a); counts two, three, four, five), and one count of possession of child pornography (§ 311.11, subd. (a); count six).  With

---

[1] All statutory references are to the Penal Code.

1

respect to the section 288 violations, the information included enhancement allegations that the offenses involved separate occasions and separate victims (§ 667.6, subds. (c), (d)) and a one strike allegation that defendant committed offenses against more than one victim (§ 667.61, subd. (e)(5)).

Defendant was charged with committing offenses against two minors, Jane Doe (Jane), who was between five and seven years of age at the time of the offenses, and John Doe (John), defendant's son, who was between 11 and 13 years old at the time of the offenses. The following evidence was presented at trial.

### Count one (*section 288.7 - intercourse with a child under 10 years*)

Because defendant does not challenge his conviction on count one, only a brief summary of the facts relating to that offense is necessary to provide context for the evidence presented in support of the remaining charges. Jane and her mother had been living with defendant and his son since Jane was four or five years old. Jane's mother testified that she left Jane with defendant on the afternoon of October 30, 2010. When she returned later that evening, Jane was in the bathroom screaming that "her privates hurt." Jane told her mother that defendant had hurt her while "playing horsey." Jane explained to her mother, and testified at trial, that "playing horsey," meant getting on top of each other. While they played horsey, Jane's private part touched defendant's private part, which was inside her. Jane testified that this was not the first time she had played horsey with defendant. Defendant denied having intercourse with Jane and claimed that she hurt herself on monkey bars earlier that day.

### Counts two through six

Following the October 30 incident, defendant's home was searched. Officers recovered two laptop computers on which a forensic investigator found approximately 25 photographs of suspected child pornography and 160 video files of child pornography. None of the videos or photographs were found in the trash file. Other videos were found that depicted defendant involved in sexual activity with Jane's mother. Defendant admitted having the videos and photos on his computers that depicted him with Jane's mother but claimed that he had never seen the others before. He testified that there were

2

many other people who had access to his computers. A selection of the videos downloaded from defendant's computers were played for the jury.

Officers also found two videos depicting Jane and John engaging in sexual activity. The first video was found on a DVD in defendant's bedroom. An investigator testified that defendant was visible at the beginning of the DVD "turning on a camcorder or some type of video reporting device" and he was also visible at the end of the video. The second video was found in a file on one of defendant's computers. According to the investigator, defendant is again seen "[a]t the beginning of the video. . . walking up to a video camera that appeared to be mounted on the wall and he had reached up to do some kind of adjustment to the camera, but the camera was pointed right at his face." Defendant admitted on cross-examination that in both videos, the children look directly at the camera and in one Jane can be heard saying "he's recording us again." In closing argument, the prosecution emphasized sections of the second video in which defendant can be seen entering the room and telling the children to open the blinds. Then he tells the children to go back to what they were doing and immediately thereafter Jane and John engage in sexual conduct. Both videos were shown to the jury.

John testified that he and Jane had sex about 12 to 14 times and on each occasion their conduct was videotaped. The video camera was located unhidden in John's closet. John testified that his father had shown him pornography and told him to "try these positions" with Jane. John felt like he "just had to say okay." He explained, "He was my father. I tried to gain something from that" and "I couldn't say no to my father" because he "felt threatened by him" "[e]veryday." Jane was seven or eight in the video, and John was 11. John knew what he was doing was wrong, but he did it "for [his] father's entertainment." Afterward, he felt "[s]hocked." At the time of trial, he felt "[g]uilty."

Defendant admitted that he recorded the first video found on the DVD in his bedroom. The video depicted Jane and John, both of whom were nude, having sex together. Defendant testified that he had been warned by someone that the children were playing doctor. John had denied it when he questioned him, but defendant wanted to see what they were doing. He admitted that after watching the video, he did not tell the

3

children's mothers or anyone else about the "kids' " behavior. As to the second video, defendant could not remember if he recorded it. He thought it might have recorded automatically or been activated by a motion sensor. He claimed that he had never seen the video until his counsel showed it to him. Regarding his presence in the second video, defendant said he "was checking in on them periodically." He denied that he told the minors to engage in sexual activity or that he showed pornography to his son or told him what to do with Jane.

The jury found defendant guilty on all counts and found the special allegations to be true. Defendant was sentenced to a total term of 125 years to life plus three years. He timely filed a notice of appeal.

### Discussion

### 1. Substantial evidence supports defendant's section 288 convictions.

The four counts alleging violations of section 288 were based on the two videos defendant made depicting the children engaged in sexual acts. Two counts referred to Jane as the victim and two counts referred to John. Although the videos did not depict defendant physically touching the children, the prosecutor argued that defendant nonetheless violated the statute because, while harboring the requisite lewd intent, he caused the children to engage in the sexual conduct with each other. (See *People v. Lopez* (2010) 185 Cal.App.4th 1220, 1229, 1233 ["section 288 is violated by 'any touching' of an underage child, including a constructive touching by the victim at the defendant's direction, 'accomplished with the intent of arousing the sexual desires of either the perpetrator or the child' "], quoting *People v. Martinez* (1995) 11 Cal.4th 434, 452; *People v. Mickle* (1991) 54 Cal.3d 140, 176; *People v. Austin* (1980) 111 Cal.App.3d 110, 114–115.)

Defendant acknowledges that a "constructive touching" is sufficient to support a violation of section 288, but argues that there is insufficient evidence that he caused the children to engage in the sexual conduct or that he did so with "the intent to arouse necessary for a lewd act conviction." We disagree.

4

To demonstrate a constructive touching under section 288, the prosecution must prove only that one minor touched the other "at the instigation of" or "at the direction of" defendant. (*People v. Meacham* (1984) 152 Cal.App.3d 142, 153, disapproved on other grounds in *People v. Brown* (1994) 8 Cal.4th 746, 756–759; *People v. Lopez, supra*, 185 Cal.App.4th at p. 1233.) Contrary to defendant's repeated assertion, the prosecution is not required to prove that defendant coerced the minors to engage in the sexual conduct. A touching against the will of a child violates a different provision of the statute, with an increased penalty. (§ 288, subd. (b); *People v. Fulcher* (2006) 136 Cal.App.4th 41, 51 ["[F]orce or duress are not required elements of a section 288[, subd.] (a) offense."].) As set forth in the instructions discussed *post*, the jury must find only that defendant "willfully caused" the touching.

Although defendant is not seen on camera directing the children's conduct, John testified that defendant showed him pornography and directed him to try positions shown on the pornographic films with Jane. Defendant was visible on both of the videos before, during, or after the recording. He positioned the cameras and instructed the children to leave the blinds open, likely to provide enough light for the camera to film. At one point, defendant is seen interrupting the children and then directing them to "go back to what they were doing," after which they immediately resumed their sexual conduct. John's statement that he made the videos for his "father's entertainment" and that he did not refuse because he "felt threatened" by defendant further supports the jury's findings. Contrary to defendant's argument, the evidence shows more than merely "setting up a camera or showing a child pornography." The evidence amply supports a finding that defendant caused the proscribed touching.

Defendant also argues that the evidence does not establish a nexus between the touching and his lewd intent. He suggests that the pornography found on his computers is "not evidence of a lewd intent accompanying any particular act" and that there is no evidence to support "a lewd act contemporaneously accompanied by the intent-to-arouse sufficient to sustain" his convictions. We disagree.

*People v. Lopez, supra,* 185 Cal.App.4th 1220 is instructive. In that case, the court considered, as an issue of first impression, "whether a touching out of the presence of the defendant can satisfy the touching element within the meaning of section 288." (*Lopez,* p. 1231.) The court noted that there was "overwhelming evidence that defendant was sexually exploiting" certain children, but that "[t]he question . . . is whether there was sufficient evidence of a touching concurrent with lewd intent, where the girls dressed themselves out of defendant's presence but under defendant's direction." (*Id.* at p. 1232.) The court concluded, based on the "legislative intent to apply section 288 expansively to any sexually motivated touching," that "section 288 encompasses the defendant's act in the instant case of directing the victims to change into provocative clothing for the sexually motivated purpose of watching the girls search for money in the provocative clothing. The defendant committed the touching acts constructively, through the victims as conduits, for the purpose of sexual arousal. Even though defendant may not have experienced sexual arousal at the moment the victims touched themselves when putting on the provocative clothing, defendant's intent when instigating or causing the touchings was lewd and lascivious within the meaning of section 288, since the touchings were sexually motivated and committed for the purpose of defendant's sexual gratification." The same is true in the present case. Whether or not defendant experienced sexual arousal as the children were actively engaged in the sexual conduct, the evidence supports the finding that his intent when instigating or causing the conduct was lewd and lascivious within the meaning of section 288. The jury could reasonably find that the conduct was sexually motivated and committed for the purpose of defendant's sexual gratification.

**2. The jury was properly instructed on the elements of section 288, subdivision (a).**

The jury was instructed, pursuant to CALCRIM No. 1110 on the elements of a violation of section 288, subdivision (a) in relevant part as follows: "The defendant is charged in counts two, three, four and five with committing a lewd or lascivious act on a child under the age of 14 years in violation of Penal Code section 288(a). [¶] To prove that the defendant is guilty of this crime, the People must prove that: [¶] 1. The defendant willfully caused a child to touch his/her own body, the defendant's body, or the body of

6

someone else, either on the bare skin or through the clothing; [¶] 2. The defendant committed the act with the intent of arousing, appealing to, or gratifying the lust, passions, or sexual desires of himself or the child; [¶] AND [¶] 3. The child was under the age of 14 years at the time of the act." On appeal, defendant argues for the first time that the trial court was required sua sponte to instruct the jury further on "constructive touching." We disagree.

The Bench Notes to CALCRIM No. 1110 provide, "In element 1, give alternative lA if the prosecution alleges that the defendant touched the child. Give alternative 1B if the prosecution alleges that the defendant cause[d] the child to do the touching." Alternative lA provides, "The defendant willfully touched any part of a child's body either on the bare skin or though the clothing." Alternative 1B, which was given here, provides, "The defendant willfully caused a child to touch his/her own body, the defendant's body, or the body of someone else, either on the bare skin or through the clothing." Contrary to defendant's argument, alternative 1B properly defines the crime in situations, such as shown by the evidence in this case, where the defendant is alleged to have caused one child to touch another child.

Defendant's reliance on CALJIC No. 10.41 is misplaced. As defendant notes, CALJIC No. 10.41 includes an alternative definition of "touching" to be given when the defendant does not directly touch the child: "[A 'touching' may be actual or constructive. It is constructive when a [defendant] [perpetrator] without actually touching the alleged victim, [compels] [directs] [causes] the victim to be touched by [himself] [herself] [another person][.] [, regardless of whether the [defendant] [perpetrator] is present.]]" The CALJIC instruction thus indicates that any of the three suggested verbs, including "causes," is adequate to establish a violation. Moreover, we do not agree with defendant that the words "compels" or "directs" nessarily "imply much more substantial actions on the part of the accused" than the phrase "willfully caused" used in CALCRIM No. 1110. Contrary to defendant's suggestion, the jury was not required to answer the question, "[D]id [defendant] direct or coerce the children to perform those acts?" As noted above, coercion is not an element of the offense.

7

Finally, the court did not err in failing sua sponte to instruct the jury with the CALCRIM No. 240 pattern instruction on causation.[2] Defendant asserts that the "pattern instruction on causation would have provided guidance for the jury, especially in regard to the concept of what constitutes a 'substantial' causal factor and the idea that some acts may be too 'remote' to incur criminal liability or show the appropriate nexus between act and intent." The court has a sua sponte duty to instruct on proximate cause only if causation is at issue. (*People v. Bland* (2002) 28 Cal.4th 313, 333–336.) Causation was not raised as an issue at trial. Defendant argued solely that he did not know what was about to occur when he set up the video. He made no argument, as he does on appeal, that John caused the conduct to occur without any direction from his father or that his (defendant's) acts of setting up the camera and showing John pornography were too "remote" to have legally caused the sexual conduct. Moreover, even if further instruction on the legal definition of causation was required, the court's failure to give such an instruction was harmless under any standard. No reasonable jury could have found that defendant's actions were not a substantial factor in causing the proscribed touching. (See *id.* at p. 338; *People v. Burnett* (2003) 110 Cal.App.4th 868, 879.) Because the jury undoubtedly would have found defendant guilty even if the additional instructions had been given, there was no prejudice.

---

[2] CALCRIM No. 240 reads: An act [or omission] causes (injury/ _____ <insert other description> ) if the (injury/ _____ <insert other description>) is the direct, natural, and probable consequence of the act [or omission] and the (injury/ _____ <insert other description> ) would not have happened without the act [or omission]. A natural and probable consequence is one that a reasonable person would know is likely to happen if nothing unusual intervenes. In deciding whether a consequence is natural and probable, consider all the circumstances established by the evidence. [¶] <Give if multiple potential causes.> [¶] [There may be more than one cause of (injury/ _____ <insert other description> ). An act [or omission] causes (injury/ _____ <insert other description> ), only if it is a substantial factor in causing the (injury/ _____ <insert other description> ). A substantial factor is more than a trivial or remote factor. However, it does not have to be the only factor that causes the (injury/ _____ *<insert other description>* ).]

### 3. John was not an accomplice.

Defendant contends that John was an accomplice so that the court was required to instruct the jury that his testimony had to be corroborated. (See § 1111 ["A conviction cannot be had upon the testimony of an accomplice unless it be corroborated by such other evidence as shall tend to connect the defendant with the commission of the offense"].) An accomplice is defined as "one who is liable to prosecution for the identical offense charged against the defendant on trial in the cause in which the testimony of the accomplice is given." (§ 1111.) "Whether a person is an accomplice within the meaning of section 1111 presents a factual question for the jury 'unless the evidence permits only a single inference.' [Citation.] Thus, a court can decide as a matter of law whether a witness is or is not an accomplice only when the facts regarding the witness's criminal culpability are 'clear and undisputed.' " (*People v. Williams* (1997) 16 Cal.4th 635, 679.) " 'When there is sufficient evidence that a witness is an accomplice, the trial court is required on its own motion to instruct the jury on the principles governing the law of accomplices, including the need for corroboration." (*People v. Tobias* (2001) 25 Ca1.4th 327, 331.)

John was not an accomplice to the violation of section 288 committed against Jane. Where a minor is a victim of a sexual offense, such as incest, he or she is not liable as an accomplice. (*People v. Tobias*, *supra*, 25 Ca1.4th at pp. 334-335.) " 'It has long been settled that where a penal statute expressly outlaws conduct against minors, a minor who is a victim of the proscribed conduct is not an accomplice and the jury need not be instructed that the minor's testimony requires corroboration.' " (*Id.* at p. 334.) "The rationale underlying this rule is that prosecution of the minor for cooperating with the defendant would be inconsistent with the purpose of the law, which is to protect the minor." (*Ibid.*) "Because the minor, even if a willing participant in the defendant's conduct, is a victim and cannot be prosecuted as an accomplice, accomplice instructions are not appropriate." (*Ibid.*)

Defendant is correct that "a minor can be prosecuted for a criminal act, including a lewd act upon another minor, where the minor knew the nature of his act and knew it was

9

wrong." The facts of the present case, however, are clearly distinguishable from such a circumstance. Defendant points to no case in which a minor was charged with a sexual offense against another minor, where an adult perpetrator caused him to commit the offense or where the minor was also a victim of the offending adult's conduct. The suggestion that John was an accomplice in the crimes against Jane disregards the fact that John too was a victim of defendant's conduct. Regarding John as an accomplice would be no more sensible than characterizing as an accomplice the victim of an armed robbery who at gunpoint and pursuant to the robber's command removes the wallet of a second victim and hands it to the robber. There was no need for an accomplice instruction in the present case.

**4. The sentence imposed on counts two through five must be modified.**

Defendant was sentenced to consecutive sentences of 25 years to life on counts two, three, four, and five under section 667.61, subdivision (j)(2). That provision provides that any person convicted of an offense specified under subdivision (c), under one of the circumstances specified in subdivision (e), upon a victim under 14 years, must be sentenced to 25 years to life. (§ 667.61, subd. (j)(2).) Under subdivision (b), a person convicted of an offense specified under subdivision (c), under one of the circumstances specified in subdivision (e), is otherwise sentenced to 15 years to life. (§ 667.61, subd. (b).)

Defendant contends, among other things, that the application of the enhanced punishment under section 667.61, subdivision (j)(2) violates ex post facto principles because it was enacted after the offenses were committed. The Attorney General agrees that for this reason the punishment under subdivision (j)(2) cannot apply here, and that the term prescribed under pre-existing subdivision (b) instead should be imposed. Under this subdivision, defendant's sentences on counts two, three, four, and five should have been 15 years to life for each count. The Attorney General explains correctly, "Section 667.61, subdivision (j)(2) became effective on September 9, 2010. (Stats. 2010, ch. 219 (A.B. 1844) § 16, eff. Sept. 9, 2010.) [Defendant] was arrested on October 30, 2010. The evidence showed the acts in counts two through five occurred well before September 9,

10

2010. As detailed above, John testified he was 11 years old when they were committed, a point with which appellant concurred. John was 13 years old when appellant was arrested. No evidence showed the acts occurred between September 9 and October 30, 2010. Accordingly, imposition of the enhanced sentencing provisions under subdivision (j)(2) would violate ex post facto principles. (*People v. Hiscox* (2006) 136 Cal.App.4th 253, 260-262.)" Accordingly, defendant's sentence on counts two though five must be corrected to reflect imposition of the proper consecutive 15-year-to-life terms under section 667.61, subdivision (b).[3]

---

[3] In light of this conclusion we need not reach defendant's additional argument that the subdivision (j)(2) enhancement cannot be applied to him because that provision was not pleaded and proved in the information.

In addition, we also do not reach defendant's argument asserted in his opening brief that the court had a sua sponte obligation to instruct on battery as a lesser included offense of the lewd act counts. Defendant concedes in his reply brief that after the filing of his opening brief, the California Supreme Court decided in *People v. Shockley* (2013) 58 Ca1.4th 400, 406 that "battery is not a lesser included offense of lewd conduct. Accordingly, if only lewd conduct is charged, the trial court has no duty to instruct on battery as a lesser included offense." As such, no further discussion of this issue is required.

**Disposition**

The judgment is reversed and remanded with directions to modify the sentence on counts two through five to impose consecutive 15-year-to-life terms under section 667.61, subdivision (b). The judgment is affirmed in all other respects.

_____
Pollak, Acting P.J.

We concur:

_____
Siggins, J.

_____
Jenkins, J.

12