Filed 5/26/15  P. v. Smith CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

|  |  |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>LEON SMITH,<br><br>Defendant and Appellant. | C073881<br><br>(Super. Ct. No. MF034272A ) |

A jury convicted defendant Leon Smith of forcible lewd acts upon a child under the age of 14 years (Pen. Code, § 288, subd. (b); count 1),[1] continuous sexual abuse of a child under the age of 14 years (§ 288.5, subd. (a); count 2), and oral copulation or sexual penetration of a child 10 years of age or younger (§ 288.7, subd. (b); count 3).

For counts 2 and 3, the trial court sentenced defendant to state prison for a total term of 31 years to life.  On the prosecutor's motion, the court dismissed count 1.

---

[1] Undesignated statutory references are to the Penal Code.

Defendant appeals. He contends his conviction on count 3 violates ex post facto principles.[2] We reject this contention and will affirm the judgment.

FACTS AND PROCEDURAL HISTORY

Count 3 charged defendant with violating section 288.7, subdivision (b) "[o]n or about September 21, 2006 through January 21, 2008." Section 288.7, subdivision (b) provides: "Any person 18 years of age or older who engages in oral copulation or sexual penetration, as defined in Section 289, with a child who is 10 years of age or younger is guilty of a felony and shall be punished by imprisonment in the state prison for a term of 15 years to life." Section 288.7 was added in 2006, and took effect immediately, on September 20, 2006. (Stats. 2006, ch. 337, §§ 9, 62, pp. 2584, 2590-2591, 2668.) The victim was born on January 22, 1997; thus, on January 22, 2008, the victim turned 11 years of age. Defendant was born on January 31, 1971.

At trial, the prosecutor presented specific evidence of the dates, the victim's ages and class (kindergarten to seventh grade), and the types of defendant's conduct. The victim testified that defendant would lick her vagina at least once a week when she was 6, 7, 8, 9, 10, 11, 12, and 13 years of age, from 2003 to 2010. Defendant testified and denied having ever molested the victim and more particularly, denied having ever orally copulated her or sexually penetrated her.

The jury was instructed on count 3 as follows:

"The defendant is charged in Count 3 with engaging in oral copulation or sexual penetration with a child under 10 years of age or younger, in violation of Penal Code section 288.7[, subdivision] (b). [¶] To prove that the defendant is guilty of this crime,

---

[2] Defendant did not raise an ex post facto objection in the trial court. *People v. Hiscox* (2006) 136 Cal.App.4th 253 (*Hiscox*) held that the failure to register an ex post facto objection in the trial court does not forfeit the issue on appeal. (*Id.* at p. 259.)

the People must prove that: [¶] 1. The defendant engaged in an act of oral copulation or sexual penetration with [the victim]; [¶] 2. When the defendant did so, [the victim] was 10 years of age or younger; [¶] 3. At the time of the act, the defendant was at least 18 years of age. [¶] Oral copulation is any contact, no matter how slight, between the mouth of one person and the sexual organ or anus of another person. Penetration is not required. [¶] Sexual penetration means penetration, however slight, of the genital or anal opening of the other person by any foreign object, substance, instrument, device, or any unknown object for the purpose of sexual abuse, arousal, or gratification. [¶] A foreign object, substance, instrument, or device includes any part of the body except a sexual organ."

On count 3, the jury was instructed on unanimity:

"The defendant is charged with sex crime with a child 10 years or younger, Penal Code [section] 288.7[, subdivision] (b) in Count 3 sometime during the period of September 21, 2006 to January 21, 2008. The [P]eople have presented evidence of more than one act to prove that the defendant committed this offense. You must not find the defendant guilty unless you all agree that the People have proved that the defendant committed at least one of these acts and you all agree on which act he committed."

In opening argument, the prosecutor discussed the frequency of defendant's abuse. With respect to count 3, the prosecutor argued that the statute went into effective on September 20, 2006, that defendant licked the victim's vagina weekly between September 21, 2006, and January 21, 2008, and that to prove the offense, "[w]e just need one time this happened" between those dates. In rebuttal, the prosecutor referred to the victim's age as between nine and 10 years of age.

## DISCUSSION

Defendant argues the evidence does not establish a "specific date" on which the oral copulation occurred and the evidence which was presented showed that the offense occurred both before and after the effective date. He further argues the jury was not

3

asked to find that the offense occurred after the effective date and may have found he committed the offense before or after the effective date of section 288.7. Relying upon the oral pronouncement of the verdict, defendant argues that the jury's verdict on count 3 was consistent with a finding that the offense was committed prior to the effective date.[3] We reject defendant's arguments and conclude that the jury was asked to find and the evidence supports its verdict that the offense occurred after the effective date.

" '[A]ny statute which punishes as a crime an act previously committed, which was innocent when done; which makes more burdensome the punishment for a crime, after its commission, or which deprives one charged with crime of any defense available according to law at the time when the act was committed, is prohibited as ex post facto.' " (*Collins v. Youngblood* (1990) 497 U.S. 37, 42 [111 L.Ed.2d 30, 39], italics omitted.)

In *Hiscox, supra*, 136 Cal.App.4th 253, the defendant was convicted of 11 counts of lewd acts upon a child sometime between 1992 and 1996. The court sentenced the defendant to 11 consecutive terms of 15 years to life under section 667.61, which did not go into effect until November 30, 1994. (*Hiscox,* at pp. 256-257.) Since the record did not reflect beyond a reasonable doubt that the offenses occurred after November 30,

---

[3] In its written verdict, the jury convicted defendant on count 3, which was described as a "sex crime with a child ten (10) years or younger, victim . . . , DOB: 1.22.97, oral sex while victim was nine (9) - ten (10) years old, a felony, as charged and set forth in Count Three (3) of the Information on file herein." When the jury's verdict was read in open court, the clerk misread it to include the word "under" -- "sex crime of a child *under* 10 years or younger, . . . oral sex while the victim was 9- to 10-years-old . . . ." (Italics added.) The jury was polled on all counts and asked whether it was his or her verdict ("Count 1, the jury's verdict is guilty. [¶] Juror Number 1, is this your verdict?") and so on. The jurors confirmed their verdicts.

4

1994, *Hiscox* concluded the sentence violated ex post facto principles and remanded for resentencing under prior law.  (*Id.* at pp. 259, 261-262.)

In *Hiscox*, "neither the prosecution, the defense, nor the court realized that the effective date of section 667.61 presented a problem of proof regarding when the charged offenses were committed.  The prosecutor did not ask the victims to identify when they were molested with any specificity.  The evidence did not reliably connect the various charges to any time frame other than the period between 1992 and 1996.  The court did not instruct the jury that its findings under section 667.61 were restricted to offenses committed on or after November 30, 1994, and defense counsel raised no ex post facto objection."  (*Hiscox, supra,* 136 Cal.App.4th at p. 258.)

Where the prosecution relies upon generic evidence to prove multiple acts of molestation, *Hiscox* stated that the prosecutor "must establish a time frame for the offenses sufficient to bring them within the scope of any statutory or constitutional limitation on punishment."  (*Hiscox, supra*, 136 Cal.App.4th at p. 260.)  But if "the evidence leaves no reasonable doubt that the underlying charges pertained to events occurring on or after" the effective date, the verdict will be upheld.  (*Id.* at p. 261.)

Based on the charging document, the prosecutor's argument, and the unanimity instruction, the parties and court were aware of the effective date of section 288.7.  The jury was asked to decide whether the offense occurred after the effective date of section 288.7 in that it had to be unanimous.  Thus, the evidence reflects that defendant engaged in the conduct alleged in count 3 countless times from September 21, 2006, through January 21, 2008.  The jury convicted defendant on all counts.  The jury determined the victim was credible and defendant was not.  The evidence leaves no reasonable doubt that defendant violated section 288.7 on or after the effective date.

In support of his argument that the jury was not required to find that the offense was committed on or after September 20, 2006, the effective date of section 288.7, defendant relies on CALCRIM No. 207 given to the jury:  "It is alleged that the crime

5

occurred on or about, as to Count 1, in June 2010; as to Count 2, April 1, 2008 through January 21, 2011; as to Count 3, September 21, 2006 through January 21, 2008. The People are not required to prove that the crime took place exactly on that day, but only that it happened *reasonably close* to that day." (Italics added.)

We reject defendant's reliance upon the "reasonably close" language of CALCRIM No. 207 in support of his argument that it cannot be determined whether the jury relied on an act committed before or after the effective date of section 288.7. The instructions are read as a whole and language in a particular instruction is not read in isolation as defendant has done in support of his argument. "In reviewing claims of instructional error, we look to whether the defendant has shown a reasonable likelihood that the jury, considering the instruction complained of in the context of the instructions as a whole and not in isolation, understood that instruction in a manner that violated his constitutional rights. [Citations.] We interpret the instructions so as to support the judgment if they are reasonably susceptible to such interpretation, and we presume jurors can understand and correlate all instructions given." (*People v. Vang* (2009) 171 Cal.App.4th 1120, 1129.)

As reasonably read, the unanimity instruction told the jury that it had to determine whether the prosecution proved that defendant violated section 288.7 "sometime during the period of September 21, 2006 to January 21, 2008." There is no reasonable likelihood that the jury ignored this instruction and found defendant committed the act before the period alleged, relying on the "reasonably close" language. Defendant has failed to demonstrate an ex post facto violation.

6

### DISPOSITION

The judgment is affirmed.


                                                          __BLEASE__ , Acting P. J.


We concur:


      __MURRAY__ , J.


      __RENNER__ , J.