Filed 9/27/22  P. v. Diaz CA2/3

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE, | B314923 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA475327) |
| v. | |
| LUIS EDEN DIAZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Henry J. Hall, Judge.  Affirmed in part, vacated in part and remanded.

Benjamin Owens, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Assistant Attorney General, Scott A. Taryle and David A. Wildman, Deputy Attorneys General, for Plaintiff and Respondent.

————————————

A jury found Luis Diaz guilty on multiple counts of child sex abuse. The trial court sentenced Diaz to an aggregate state prison sentence of 175 years to life. On appeal, Diaz contends the trial court erred in instructing the jury with CALCRIM No. 1191B, however he concedes that the arguments he advances were rejected in *People v. Villatoro* (2012) 54 Cal.4th 1152 (*Villatoro*), and that we must follow our high court's decision. Diaz further contends the imposition of sentence pursuant to Penal Code section 667.61 (One Strike law), as to his conviction for continuous sexual abuse of a child violated the ex post facto clauses of the federal and state Constitutions. Respondent asserts the trial court erred in awarding Diaz presentence conduct credits. We vacate the sentence imposed on the continuous sexual abuse of a child count, strike the presentence custody credits, and remand for resentencing. In all other respects, we affirm the judgment.

## FACTUAL AND PROCEDURAL BACKGROUND

Diaz was married to Marta. In 2019, four of Marta's granddaughters revealed that Diaz had sexually abused them. In 2020, the People filed an amended information alleging that between April 19, 2008 and April 18, 2013, Diaz committed the crimes of sexual intercourse or sodomy with a child under the age of 10 (Pen. Code, § 288.7, subd. (a); count 2), and oral copulation or sexual penetration with a child under the age of 10 against M.Y. (§ 288.7, subd. (b); count 3);[1] between April 19, 2008 and April 18, 2016, Diaz committed the crime of lewd act upon a child against M.Y. (§ 288, subd. (a); counts 4, 5); between June 28, 2017 and October 25, 2018, Diaz committed the crime of lewd act

---

[1] All undesignated statutory references are to the Penal Code.

upon a child under the age of 14 against M.R. (§ 288, subd. (a); counts 6, 7, 8, 9); between June 1, 2006 and May 31, 2013, Diaz committed the crime of lewd act upon a child against B.Y. (§ 288, subd. (a); counts 10, 11); and between April 26, 2002 and April 25, 2008, Diaz committed the crime of continuous sexual abuse of a child against K.H. (§ 288.5, subd. (a); count 12).

At trial, the four victims testified about Diaz's sexual abuse. They described Diaz touching their genital areas under and over their clothes, thrusting and rubbing his penis against them, and touching their breasts.

The jury found Diaz guilty on all counts. On counts 4 through 12, the jury also found true the allegation that Diaz committed a violation of section 288, subdivision (a) against more than one victim, within the meaning of section 667.61, subdivisions (b) and (e), the One Strike law. The trial court sentenced Diaz to an aggregate state prison term of 175 years to life, consisting of the following consecutive terms: 25 years to life on count 2 (§ 288.7, subd. (a)); 15 years to life on count 3 (§ 288.7, subd. (b)); 15 years to life on counts 4 to 11, pursuant to the One Strike law (§ 288, subd. (a), 667.61, subd. (b), (c)(8), (e)(4)); and 15 years to life on count 12, pursuant to the One Strike law (§ 288.5, subd. (a), 667.61, subd. (c)(9), (e)(4)). The trial court awarded Diaz 1,062 days of presentence credits, consisting of 924 days of actual credit and 138 days of conduct credit.

Diaz timely appealed.

## DISCUSSION

### I. CALCRIM No. 1191B

The trial court instructed the jury with CALCRIM No. 1191B, which, after identifying the charged crimes, stated: "If the People have proved beyond a reasonable doubt that the

3

defendant committed one or more of these crimes, you may, but are not required to, conclude from that evidence that the defendant was disposed or inclined to commit sexual offenses, and based on that decision, also conclude that the defendant was likely to commit and did commit the other sex offenses charged in this case. [¶] If you find that the defendant committed one or more of these crimes, that conclusion is only one factor to consider along with all the other evidence. It is not sufficient by itself to prove that the defendant is guilty of another crime. The People must still prove each charge and allegation beyond a reasonable doubt." Diaz contends this instruction violated his due process rights under the Fourteenth Amendment to a fundamentally fair trial. He asserts the instruction allowed the jury to improperly infer from the evidence supporting one charged offense that he had the propensity to commit the other charged offenses.

However, Diaz acknowledges the arguments he makes here were considered and rejected by the California Supreme Court in *Villatoro*, *supra*, 54 Cal.4th 1152, and the court upheld a substantively similar instruction. The *Villatoro* court concluded Evidence Code section 1108 permits a jury to consider evidence that a defendant committed charged sexual crimes as propensity evidence relevant to other charged sexual offenses. (*Id.* at p. 1164.) The court further rejected the argument that interpreting Evidence Code section 1108 to include charged offenses leads to impermissible " 'bootstrapping of verdicts.' " (*Id.* at p. 1165.) Instead, the court found the jury instruction properly "affirmed that evidence that the defendant committed a charged offense 'is not sufficient by itself to provide the defendant is guilty of another charged offense.' " (*Ibid.*) As Diaz concedes, we

must follow *Villatoro*.  (*People v. Letner and Tobin* (2010) 50 Cal.4th 99, 197 [" 'Courts exercising inferior jurisdiction must accept the law declared by courts of superior jurisdiction. It is not their function to attempt to overrule decisions of a higher court.' "]; *Auto Equity Sales, Inc. v. Superior Court* (1962) 57 Cal.2d 450, 455.)  We therefore must reject his argument that the trial court erred in instructing the jury with CALCRIM No. 1191B.[2]

## II.     Ex Post Facto Violation

Diaz further contends the application of the One Strike law to the conviction for continuous sexual abuse of a child (count 12) violated the federal and California constitutional prohibitions against ex post facto laws.  We conclude that because of the ex post facto prohibition, it was necessary for the jury to find at least one act supporting the conviction occurred after a specific date.  The jury was not asked to make such findings and we cannot conclude the error was harmless beyond a reasonable doubt.  We therefore vacate the sentence as to count 12 and remand for resentencing.

### A. Background

Count 12 alleged Diaz committed continuous sexual abuse of a child against K.H. in violation of section 288.5, subdivision (a).  The People were required to prove Diaz had recurring access to K.H. or lived in the same home with her; that he engaged in three or more acts of lewd and lascivious conduct with K.H.; that three or more months passed between the first and last acts; and that K.H. was under the age 14 at the time of the acts.  (§ 288.5, subd. (a); see CALCRIM No. 1120.)

---

[2] Diaz indicates he has raised the issue to preserve it for future review.  We acknowledge that he has done so.

At trial, K.H. testified that she was born on April 26, 1994. She described an occasion when she was eight years old, and Diaz was babysitting her and her younger brother. Diaz, K.H., and her younger brother were on a bed, watching a movie. Diaz began massaging K.H.'s shoulders and back. He moved K.H. so that she was lying on top of him with her chest touching his. Diaz grabbed K.H.'s arms so she could not move them, then he "rubb[ed] [her] up and down against him." K.H.'s chest was against Diaz's chest, and her vagina against his penis.

On another occasion when K.H. was "about 11," she was sleeping in a bed with her grandmother and Diaz. K.H. felt tugging on the blanket that separated her from Diaz. When she turned to look at Diaz, his eyes were closed. She later felt tugging again and the blanket was pulled away. K.H. felt Diaz thrusting his penis against her buttocks. On a subsequent occasion, when K.H. was around 11 years old and was again sleeping in a bed with her grandmother and Diaz, she felt tugging on the blanket she had wrapped completely around herself. K.H. saw Diaz behind her, tugging on the blanket. At some point the tugging stopped, but K.H. felt Diaz thrusting his penis against her buttocks.

A "couple months" later, K.H. complained about her feet. Diaz began massaging her feet and lower legs. After a while, Diaz licked K.H.'s toe. She kicked him. At trial, the prosecutor asked K.H. a series of questions about the timing of the incident:

"[Prosecutor]: And about how old were you when that happened?

"[K.H.]: I'm not sure.

"[Prosecutor]: Were you—did this happen before or after the very last time that he was thrusting against you in bed?

"[K.H.]: After.

"[Prosecutor]: Do you remember how long after? Was it a period of weeks? Months? Years?

"[K.H.]: I want to say it was months."

The prosecutor established that K.H. was "about 11 years old" at the time of both thrusting incidents. The prosecutor then asked:

"[Prosecutor]: And so the massaging happened, you said, how much longer after that last incident in the bed with him thrusting against you? How long after that did the massaging start?

"[K.H.]: I want to say about like more—like more time. Like a couple months.

". . .

"[Prosecutor]: Were you under the age of 14?

"[K.H.]: Yes.

"[Prosecutor]: What makes you know that you were under the age of 14?

"[K.H.]: Because I was about middle school and by the time I started middle school, all that had stopped.

"[Prosecutor]: And do you recall how old you were when you started middle school?

"[K.H.]: I want to say I was about 13."

The jury found Diaz guilty of the substantive offense alleged in count 12 and found true the special allegation that he had committed offenses specified in section 288 against more than one victim in the case.

**B. Discussion**

Under the One Strike law, the trial court must impose an indeterminate life sentence when a defendant is convicted of

7

certain sex offenses committed against children, when there are additional specified circumstances. Here, in count 12, the People alleged the One Strike law was applicable because Diaz committed continuous sexual abuse of a child, in violation of section 288.5 (§ 667.61, subd. (c)), and he was "convicted in the present case . . . of committing an offense specified in subdivision (c) against more than one victim." (§ 667.61, subd. (e)(4).)

Section 288.5 was added to the list of qualifying offenses under the One Strike law in an amendment effective September 20, 2006. (Stats. 2006, ch. 337, § 33, p. 2639; *People v. Valenti* (2016) 243 Cal.App.4th 1140, 1174 (*Valenti*).) Under both the state and federal Constitutions, a legislature may not " ' "retroactively alter the definition of crimes or increase the punishment for criminal acts." ' " (*People v. Grant* (1999) 20 Cal.4th 150, 158, quoting *Collins v. Youngblood* (1990) 497 U.S. 37, 43, and *California Dept. of Corrections v. Morales* (1995) 514 U.S. 499, 504.) The amendment to the One Strike law adding section 288.5 increased the punishment for that crime from a possible upper term of 16 years to an indeterminate life sentence. As a result, "the ex post facto clause prohibits sentencing defendants under the One Strike law for section 288.5 violations committed before September 20, 2006." (*Valenti, supra,* 243 Cal.App.4th at p. 1174.)

Section 288.5 may be a " 'straddle' offense," in that it is possible for the conduct constituting the crime to have occurred both before and after the effective date of a particular statute. Thus, in *Grant*, the court considered whether the ex post facto clauses of the federal and state Constitutions were violated when the conduct in question occurred both before and after the effective date of section 288.5. The court explained, " 'Section

288.5 punishes a continuous course of conduct, not each of its three or more constituent acts. [Citations.] A continuous course of conduct offense cannot logically be "completed" until the last requisite act is performed. Where an offense is of a continuing nature, and the conduct continues after the enactment of a statute, that statute may be applied without violating the ex post facto prohibition.' [Citation.]" (*Grant, supra,* 20 Cal.4th at p. 159.)

Here, the parties agree the prohibition against ex post facto laws would disallow application of the One Strike law to count 12 unless at least one of the acts committed against K.H. occurred after September 20, 2006. However, they disagree on how to interpret the evidence in this case. Diaz argues the evidence did not show that he committed any act of abuse against K.H. after September 20, 2006. The People contend the last act "appears to have been some months after the third incident and before middle school started in September 2007 when [K.H.] was thirteen in 2007."

In her testimony, K.H. did not provide any specific dates and instead only generally described how old she was when the events occurred. As to Diaz's last act of abuse, she testified that she was under 14 and that it was "months" or "a couple months" after the prior incident, which occurred when she was "about 11." She further testified the abuse stopped by the time she started middle school, and she was "about 13" when she started middle school. Based on her date of birth, K.H. was 11 years old between April 26, 2005 and April 25, 2006. She turned 13 on April 26, 2007.

The evidence did not establish the date of the final act of abuse, or a timeline definitively placing the final act before or

9

after September 20, 2006. K.H.'s testimony was approximate and nonspecific. Indeed, the prosecutor's questions appeared aimed at establishing only that K.H. was under 14 years old. We are thus confronted with a situation similar to that presented in *People v. Hiscox* (2006) 136 Cal.App.4th 253 (*Hiscox*). In *Hiscox*, the defendant was sentenced pursuant to the One Strike law, however, the prosecutor proved the underlying child molestation charges with generic testimony that did not clearly establish whether the defendant's acts of molestation were committed on or after the effective date of the law. (*Hiscox*, at p. 258.) On appeal, the Attorney General argued some of the counts could "reasonably be related" to conduct occurring after the effective date and therefore there was no ex post facto violation. (*Ibid*.)

The *Hiscox* court rejected this argument and the idea that the trial court could have engaged in judicial factfinding at sentencing to determine when acts occurred. The court explained that a "prosecutor who relies on generic testimony to support a child molestation charge must establish a time frame for the offenses sufficient to bring them within the scope of any statutory or constitutional limitation on punishment." (*Id*. at p. 260.) Allowing the trial court to cure this failure by engaging in judicial factfinding at sentencing "would raise serious Sixth Amendment concerns. The right to a jury trial requires that '[a]ny fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.' [Citation.]" (*Ibid*.)

The *Hiscox* court further explained that since the jury was not asked to make findings about the time frame when the

10

offenses were committed, the court could not deem the verdicts sufficient to establish the date of the offenses "unless the evidence leaves no reasonable doubt that the underlying charges pertained to events occurring on or after" the effective date of the statute. (*Hiscox, supra,* 136 Cal.App.4th at p. 261.) "It would be inappropriate for us to review the record and select among acts that occurred before and after that date, or to infer that certain acts probably occurred after that date. Hiscox has a constitutional right to be sentenced under the terms of the laws in effect when he committed his offenses. For a court to hypothesize which acts the jury may have based its verdicts on, or what dates might be attached to certain acts based on ambiguous evidence, would amount to 'judicial impingement upon the traditional role of the jury.'" (*Ibid.*, quoting *Blakely v. Washington* (2004) 542 U.S. 296, 309.)

Similarly, in *Valenti*, this court considered an alleged ex post facto violation related to application of the One Strike law to a section 288.5 conviction, when the conduct may have occurred both before and after the amendment to the law. (*Valenti, supra*, 243 Cal.App.4th at p. 1175.) The jury was not instructed that at least one act of abuse must have occurred after the 2006 amendment. We concluded this was error under *Apprendi v. New Jersey* (2000) 530 U.S. 466, and would be harmless only if "the People prove beyond a reasonable doubt that no substantial evidence supports a contrary finding on the omitted element." (*Valenti, supra*, 243 Cal.App.4th at pp. 1176–1177.)

Here, as in *Hiscox* and *Valenti*, the jury was not instructed to make findings about the time frame of the acts relevant to the

continuous sex abuse count.[3]  This was error.  The People assert the error was harmless beyond a reasonable doubt because the evidence was overwhelming that the last act of abuse occurred after September 20, 2006.  We disagree.  K.H. did not provide a specific date for any of the acts of abuse.  She testified that she was around 11 years old at the time of the second thrusting act, and the final act occurred a "couple months" after that.  As noted above, K.H. was 11 years old between April 26, 2005 and April 25, 2006.  Even if K.H. was almost 12 when the second to last act occurred, her testimony that the final act was "months" or "a couple months" after that could mean it occurred several months before September 20, 2006.  While K.H. testified the abuse stopped by the time she was in middle school, and that she started middle school when she was around 13 years old, she did not testify that the abuse *continued* until she was around 13 years old.[4]

---

[3] In their initial briefing, each party merely urged this court to accept its interpretation of the evidence to support or refute the claim that the application of the One Strike law to count 12 violated the prohibition against ex post facto laws.  Pursuant to Government Code section 68081, we invited the parties to submit supplemental briefing addressing whether Diaz's arguments implicated the Sixth Amendment and the appropriate standard for addressing error.

[4] At most, K.H. testified, "I was about middle school," when asked how she knew she was under the age of 14 when the final act of abuse occurred.  We do not find the testimony "I was about middle school" sufficiently clear to establish, beyond a reasonable doubt, that the final act occurred after September 20, 2006.

The jury was not asked to make findings about the time frame of Diaz's acts against K.H. and the evidence leaves reasonable doubt that the final act of abuse occurred after September 20, 2006. Diaz has a constitutional right to be sentenced under the terms of the laws in effect when he committed his offenses. We therefore must vacate the One Strike sentence imposed on count 12 and remand for resentencing. (*Hiscox, supra,*136 Cal.App.4th at p. 262; *People v. Riskin* (2006) 143 Cal.App.4th 234, 244–245.)

### III.    Conduct Credits

Finally, the People contend the trial court erred in awarding Diaz 138 days of presentence conduct credits. The People argue Diaz was ineligible for conduct credits since he was sentenced under the One Strike law. (*People v. Dearborne* (2019) 34 Cal.App.5th 250, 267; *People v. Adams* (2018) 28 Cal.App.5th 170, 182.) Diaz asserts the presentence conduct credit must remain since the amendments to the One Strike law that eliminated presentence conduct credit did not become effective until September 20, 2006, thus raising the same issues as those he argued as to the imposition of a One Strike sentence on count 12. However, Diaz ignores that he also received One Strike sentences on counts 4 to 9, for acts alleged to have occurred after 2007. The evidence at trial clearly established that the acts alleged in those counts occurred in or after 2007. Counts 4 through 9 concerned M.Y., who was born in 2002 and testified the first acts of abuse occurred when she was five or six years old, and M.R., who was born in 2007. The trial court imposed indeterminate sentences on counts 4 to 9 pursuant to section 667.61. Diaz thus was ineligible to receive presentence conduct credits. The 138 days of conduct credit are stricken.

## DISPOSITION

The sentence imposed for count 12 is vacated. The matter is remanded for resentencing on count 12 without application of the One Strike law. In all other respects, the judgment is affirmed. Upon resentencing, the court is instructed to recalculate defendant's custody credit to omit the previously awarded conduct credits, amend the abstract of judgment to reflect defendant's new sentence, and forward a copy of the amended abstract of judgment to the California Department of Corrections and Rehabilitation.


ADAMS, J.*


We concur:


EDMON, P. J.


LAVIN, J.

---

*      Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.