Filed 4/13/15  P. v. Ridgway CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C076327 |
| Plaintiff and Respondent, | (Super. Ct. No. CM040013) |
| v. | |
| CHRISTOPHER ALLEN RIDGWAY, | |
| Defendant and Appellant. | |

Defendant Christopher Allen Ridgway entered a plea of no contest to one count of oral copulation of a child (Pen. Code, § 288a, subd. (c)(1))[1] and was sentenced to six years in state prison.  As part of defendant's sentence, he was ordered to pay restitution and parole revocation fines in the amount of $300 each.

On appeal, defendant contends the fines violate the constitutional prohibition against ex post facto laws because they exceed the applicable statutory minimum at the

---

[1] Undesignated statutory references are to the Penal Code in effect at the time of the charged offense.

1

time he committed his crime. Defendant further contends that defense counsel provided ineffective assistance of counsel because counsel affirmatively requested "the minimum restitution fine of $300" when the minimum fine was either $200 or $240. The People concede the ineffective assistance of counsel claim and further concede that this court should order reduction of the restitution fines to $200.

We conclude that defendant has not established a violation of the constitutional prohibition against ex post facto laws. However, we agree that defendant has raised a meritorious claim of ineffective assistance of counsel. Accordingly, we reduce defendant's restitution and parole revocation fines to $200 each.

## FACTUAL AND PROCEDURAL BACKGROUND[2]

Defendant was charged by information with oral copulation of a child (§ 288a, subd. (c)(1)(count 1)) and oral copulation or sexual penetration of a child under 10 years of age (§ 288.7, subd. (b)(count 2)). The information alleges that the offenses occurred between September 23, 2011, and February 17, 2012.

On March 6, 2014, defendant entered a plea of no contest to count 1 in exchange for a stipulated sentence of six years in state prison. The prosecution dismissed count 2 as part of the plea agreement.

The plea agreement was memorialized on a preprinted court form entitled, "Plea of Guilty or No Contest (Felony)."[3] Defendant initialed various boxes on the form, including one in which he acknowledged that he would be responsible for "[a] $27,000 fine, plus victim restitution and a restitution fine of a minimum of $300.00 or a maximum of $10,000.00." The minimum and maximum amounts of the restitution fine were also preprinted on the form.

---

[2] We dispense with a recitation of the facts underlying defendant's crime as they are not relevant to the issue raised on appeal.

[3] The footer of the court's form indicates it was last revised January 8, 2014.

The probation department recommended, among other things, restitution fines pursuant to sections 1202.4, subdivision (b), and 1202.45 in the amount of $1,200 each.

Defendant appeared for sentencing on April 3, 2014. At the sentencing hearing, defense counsel asked to be heard on the subject of fees and fines, stating: "I would ask the Court to impose *the minimum restitution fine of $300* and the suspended fine under [section 1202.45] of $300." (Italics added.) The trial court then sentenced defendant to the stipulated six-year term in state prison and imposed various fees and fines, including a $300 restitution fine pursuant to section 1202.4, subdivision (b), and a $300 parole revocation fine pursuant to section 1202.45. In imposing the forgoing fines, the trial court stated: "With regard to the fines and fees on Page 12 paragraph number 1 [of the probation report], pay a restitution fine under 1202.4(b) in the amount of $300. Paragraph 2, pay a restitution fine suspended under 1202.45. That's $300." The trial court found that defendant lacked the ability to pay a presentence investigation report fee of $736 and a $1,900 penalty assessment pursuant to section 290.3.

## DISCUSSION

### I. Ex Post Facto Claim

The information alleges that defendant's crime took place between September 23, 2011, and February 17, 2012. In 2011, section 1202.4, subdivision (b)(1), provided in pertinent part: "In every case where a person is convicted of a crime, the court shall impose a separate and additional restitution fine, unless it finds compelling and extraordinary reasons for not doing so, and states those reasons on the record. [¶] (1) The restitution fine shall be set at the discretion of the court and commensurate with the seriousness of the offense, but shall *not be less than two hundred dollars ($200)*, and not more than ten thousand dollars ($10,000), if the person is convicted of a felony . . . ." (§ 1202.4, subd. (b)(1), as amended by Stats. 2011, ch. 45 (Sen. Bill No. 208), § 1, eff. July 1, 2011, italics added.) Effective January 1, 2012, the Legislature amended section 1202.4 to provide that the minimum amount of the fine in felony cases "shall not be less

3

than two hundred forty dollars ($240) starting on January 1, 2012, two hundred eighty dollars ($280) starting on January 1, 2013, and three hundred dollars ($300) starting on January 1, 2014, and not more than ten thousand dollars ($10,000) . . . ." (§ 1202.4, subd. (b)(1), as amended by Stats. 2011, ch. 358 (Assem. Bill No. 898), § 1.)

Defendant contends the imposition of the $300 restitution fine was a violation of the constitutional prohibition against ex post facto penalties and must be reduced to $200 or $240 to reflect the statutory minimums in effect at the time of his offense. We conclude that defendant has forfeited this claim of error.

The ex post facto clauses of the state and federal Constitutions prohibit statutes which increase the punishment for a crime. (U.S. Const., art. I, § 10; Cal. Const., art. I, § 9; *People v. Callejas* (2000) 85 Cal.App.4th 667, 670.) As our high court has noted, "It is well established that the imposition of restitution fines constitutes punishment, and therefore is subject to the proscriptions of the ex post facto clause and other constitutional provisions." (*People v. Souza* (2012) 54 Cal.4th 90, 143; see also *People v. Valenzuela* (2009) 172 Cal.App.4th 1246, 1248; *People v. Saelee* (1995) 35 Cal.App.4th 27, 30-31.) Accordingly, the amount of a restitution fine is calculated as of the date of the offense. (*Ibid.*)

Here, the crime was alleged to have occurred at some point during a time span encompassing part of 2011, when the restitution fine was $200, and part of 2012, when the restitution fine was $240. The People concede the applicable fine is $200. When a crime is alleged to have occurred during a span of time and the evidence does not establish that the crime was committed on or after the effective date of legislation increasing the punishment for the crime during that span of time, the punishment in the former statute applies. (*People v. Hiscox* (2006) 136 Cal.App.4th 253, 257-262.)

However, because the $300 fine was within the statutory range in the applicable statute, defendant has forfeited any challenge to the amount of the restitution fine by failing to object below. "[C]omplaints about the manner in which the trial court exercises

4

its sentencing discretion and articulates its supporting reasons cannot be raised for the first time on appeal." (*People v. Scott* (1994) 9 Cal.4th 331, 356; see also *In re Sheena K.* (2007) 40 Cal.4th 875, 881 ["the forfeiture rule applies in the context of sentencing as in other areas of criminal law"]; *People v. Garcia* (2010) 185 Cal.App.4th 1203, 1218 ["[a]n objection to the amount of restitution may be forfeited if not raised in the trial court"].)

Defendant tries to avoid the forfeiture rule by claiming that the fine constituted an unauthorized sentence. We disagree. The unauthorized sentence exception constitutes a " ' "narrow exception" ' " to the forfeiture doctrine that applies only where the sentence " ' "could not lawfully be imposed under any circumstance in the particular case." ' " (*People v. Anderson* (2010) 50 Cal.4th 19, 26; *People v. Turrin* (2009) 176 Cal.App.4th 1200, 1205.) Under the version of section 1202.4 in effect in 2011, the trial court had discretion to impose any amount greater than $200 and less than $10,000. Defendant's $300 fine clearly falls within the permissible range; therefore, the fine is not a sentence that " ' "could not lawfully be imposed under any circumstances." ' " (*Turrin*, at p. 1205.) We therefore conclude that the sentence was not unauthorized, and defendant has forfeited any claim of error.

## II.  Ineffective Assistance of Counsel

Defendant contends his trial counsel rendered ineffective assistance by advocating for a "minimum restitution fine of $300." The People concede that defendant was provided ineffective assistance of counsel. We agree with the parties.

To establish ineffective assistance of counsel, a defendant must show (1) counsel's performance was below an objective standard of reasonableness under prevailing professional norms, and (2) the deficient performance prejudiced defendant. (*Strickland v. Washington* (1984) 466 U.S. 668, 688, 691-692 [80 L.Ed.2d 674]; *People v. Ledesma* (1987) 43 Cal.3d 171, 216-217.) To show prejudice, defendant must show a reasonable probability that he would have received a more favorable result had counsel's

5

performance not been deficient. (*Strickland*, at pp. 693-694; *Ledesma*, at pp. 217-218.) "A reasonable probability is a probability sufficient to undermine confidence in the outcome." (*Strickland*, at p. 694; accord, *Ledesma*, at p. 218.) " 'Surmounting *Strickland*'s high bar is never an easy task. [Citation.]' " (*Harrington v. Richter* (2011) 562 U.S. 86, __ [178 L.Ed.2d 624, 642], quoting *Padilla v. Kentucky* (2010) 559 U.S. 356, ___ [176 L.Ed.2d 284, 297].) However, here, *Strickland*'s high bar clearly has been surmounted.

Under prevailing professional norms, competent counsel should have known the minimum restitution fine was $200. Criminal defense attorneys should be aware of the statutory fines that may be imposed on a defendant, including the minimum assessable restitution and parole revocation fines. (*People v. Martinez* (2014) 226 Cal.App.4th 1169, 1190; see also *People v. Scott*, *supra*, 9 Cal.4th at p. 351 ["defense attorney who fails to adequately understand the available sentencing alternatives, promote their proper application, or pursue the most advantageous disposition for his client may be found incompetent"]; *People v. Le* (2006) 136 Cal.App.4th 925, 936 [counsel ineffective in failing to object to fine calculation].) Here, defense counsel affirmatively requested the "minimum restitution fine of $300" when the actual minimum fine was $200. As the People concede, there was no rational or tactical reason for defense counsel to request a $300 restitution fine.

The People also concede prejudice has resulted in that there was a reasonable probability the trial court would have imposed the minimum restitution fine of $200 but for defense counsel's error. We accept the People's concession. The trial court granted defense counsel's request to impose the "minimum" $300 fine, thereby rejecting the probation department's recommendation that the court impose a $1,200 fine. Three hundred dollars is the minimum fine preprinted on the court's plea form. This circumstance shows the court's intent to impose the statutory minimum, as well as the court's mistaken belief that $300 was the statutory minimum. Furthermore, the trial court

6

struck various discretionary fees based on defendant's inability to pay, indicating a general willingness to reduce fines and fees. Based on this record, we accept the parties' shared position that the trial court would have been likely to impose the applicable minimum restitution fine had defense counsel requested it.

We modify the judgment by reducing defendant's restitution fine from $300 to $200. We also reduce defendant's parole revocation fine to $200, since it must be equal to the restitution fine. (*People v. Smith* (2001) 24 Cal.4th 849, 853.)

## DISPOSITION

The judgment is modified to reduce the restitution and parole revocation fines to $200 each.[4] As so modified, the judgment is affirmed.

The trial court is directed to prepare an amended abstract of judgment reflecting the reduced fines and forward a certified copy of the amended abstract to the Department of Corrections and Rehabilitation.

Pursuant to Business and Professions Code section 6086.7, subdivision (a)(2), the clerk of this court is ordered to forward a copy of this opinion to the State Bar upon finality of this appeal.[5] Further, pursuant to Business and Professions Code section 6086.7, subdivision (b), the clerk of this court shall notify defendant's trial counsel that the matter has been referred to the State Bar.

---

[4] The parole revocation fine is suspended unless defendant's parole is revoked.

[5] Business and Professions Code section 6086.7, subdivision (a)(2), requires the court to notify the State Bar "[w]henever a modification or reversal of a judgment in a judicial proceeding is based in whole or in part on the misconduct, *incompetent representation*, or willful misrepresentation of an attorney." (Italics added.) We note, however, that defense counsel may have simply parroted what was set forth on the trial court's preprinted form and suggest that the trial court consider modifying the form to prevent this mistake from reoccurring.

                                  <u>     MURRAY         </u>, J.

We concur:

<u>      MAURO     </u>, Acting P. J.

<u>      HOCH      </u>, J.