Filed 3/25/19

**CERTIFIED FOR PUBLICATION**


IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT


| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>DONOVAN CASTILLERO,<br><br>    Defendant and Appellant. | H044944<br>(Santa Clara County<br>Super. Ct. No. F1557822) |


The district attorney charged appellant Donovan Castillero in juvenile court with a number of serious sexual offenses. The juvenile court found him unfit for juvenile adjudication and transferred the matter to a court of criminal jurisdiction.[1] In adult/criminal court, Castillero pleaded guilty to four crimes and agreed to serve 40 years in prison. Prior to sentencing, the trial court denied Castillero's request that his case be transferred back to juvenile court for a transfer hearing pursuant to the procedures set out in Proposition 57, which the electorate passed after Castillero's original hearing in juvenile court.

We conclude that the adult/criminal court erred in not transferring the case back to juvenile court for a post-Proposition 57 transfer hearing, and we vacate the judgment and order all counts of conviction transferred to juvenile court. For the benefit of the juvenile

---

[1] We will hereafter refer to the court of criminal jurisdiction as "adult/criminal court" to distinguish it from juvenile court.

court after transfer, we detail how the court should proceed upon each count of conviction.

## I. FACTS AND PROCEDURAL BACKGROUND

The facts of Castillero's crimes are largely not relevant to this appeal. In a juvenile wardship petition filed in May 2015 under Welfare and Institutions Code section 602, subdivision (a)[2] (the petition), the district attorney charged Castillero with two counts of continuous sexual abuse of a child under 14 years (Pen. Code, § 288.5, subd. (a), counts 1 & 4); sexual penetration of a child under 14 years by force (Pen. Code, § 289, subd. (a)(1)(B), count 2); committing a lewd or lascivious act on a child under 14 years (Pen. Code, § 288, subd. (a), count 3); and performing a lewd or lascivious act on a child by force (Pen. Code, § 288, subd. (b)(1), count 5). On November 13, 2015, the juvenile court found Castillero unfit for prosecution as a juvenile and ordered Castillero transferred to adult/criminal court.[3]

In November 2015, Castillero was charged by complaint in adult/criminal court with 10 counts of committing a lewd or lascivious act on a child by force (Pen. Code, § 288, subd. (b)(1), counts 1-10). On November 8, 2016, the electorate passed the Public Safety and Rehabilitation Act of 2016 (Proposition 57). (*People v. Superior Court* (*Lara*) (2018) 4 Cal.5th 299, 303–304 (*Lara*).) The legislation took effect on November 9, 2016. (*Id*. at p. 304.)

On March 27, 2017, Castillero pleaded guilty to four counts of Penal Code section 288, subdivision (b)(1) pursuant to a plea agreement that stipulated that his sentence would be 40 years in prison. Specifically, Castillero pleaded guilty to count 1,

---

[2] Unspecified statutory references are to the Welfare and Institutions Code.
[3] The record on appeal does not contain either the district attorney's motion to transfer Castillero's case to adult/criminal court or any documents relating either to the hearing or the juvenile court's order. The parties do not dispute that these events occurred, and the salient fact for this appeal is that they occurred prior to the passage of Proposition 57.

which alleged an offense date of "[o]n or about and between April 1, 2014 and June 30, 2014"; count 2, which alleged an offense date of "[o]n or about and between July 1, 2014 and September 30, 2014"; count 5, which alleged an offense date of "[o]n or about and between January 1, 2015 and April 3, 2015"; and count 6, which alleged an offense date of "[o]n or about and between August 25, 2012 and January 31, 2013." Castillero's date of birth is August 25, 1998. Therefore, Castillero pleaded guilty to crimes committed when he was 15 years old (count 1), 15 or 16 years old (count 2), 16 years old (count 5), and 14 years old (count 6). Castillero's plea agreement did not mention any waiver of rights under Proposition 57, and Proposition 57 was not discussed on the record during his change-of-plea hearing.

Prior to his sentencing hearing, Castillero filed a "motion for judicial transfer hearing," requesting that the judge in adult/criminal court transfer Castillero's case back to juvenile court so that a transfer hearing could be conducted pursuant to the procedures set out in Proposition 57. The district attorney opposed the motion, arguing that Proposition 57 was not retroactive. At Castillero's sentencing hearing on June 27, 2017, the judge in adult/criminal court denied the motion to transfer without explanation, sentenced Castillero to a term of 40 years in prison on counts 1, 2, 5, and 6, and dismissed the remaining counts. Castillero timely appealed.[4]

## II. DISCUSSION

Castillero's major contention on appeal is that the judge in adult/criminal court erred when he refused to transfer Castillero's case back to juvenile court for a transfer hearing consistent with the legal standards enacted by Proposition 57. The Attorney General agrees that the trial court so erred. Castillero and the Attorney General also agree that, as to those counts for which it is clear Castillero was under 16 years old at the

[4] After Castillero filed his original notice of appeal, this court granted Castillero's motion to file an amended notice of appeal and request for a certificate of probable cause. The trial court subsequently granted the certificate of probable cause.

3

time of their commission (counts 1 & 6), Senate Bill No. 1391, which went into effect on January 1, 2019, prohibits further transfer of these counts back to adult/criminal court. The parties on appeal also agree that, for the count for which Castillero was over 16 years old at the time of its commission (count 5), Castillero should be afforded a transfer hearing under the standards set out in Proposition 57.

The parties dispute what should happen to the one count for which Castillero was either 15 or 16 at the time of the commission of the crime (count 2). The Attorney General argues that this court should remand to the juvenile court "for a factual determination to be made as to [Castillero's] age at the relevant time." Castillero contends that no further factfinding is possible or appropriate, and this court should therefore reverse and dismiss Castillero's conviction.

A. *Statutory Background*

The law governing the treatment of juveniles accused of serious crimes has changed significantly since the district attorney filed the petition against Castillero in juvenile court. In November 2015, at the time of Castillero's original fitness hearing, a minor (that is, any person under the age of 18) accused of a crime was generally subject to the jurisdiction of the juvenile court, unless the trial court determined the minor unfit for treatment under the juvenile court law. (*Manduley v. Superior Court* (2002) 27 Cal.4th 537, 548 (*Manduley*); *Lara*, *supra*, 4 Cal.5th at p. 306; former §§ 602, 707.) A minor 14 years of age or older accused of a serious crime set out in former section 707, subdivision (b), such as some of the crimes of which Castillero stood accused in his petition, was presumed to be unfit for treatment under the juvenile court law. (*Manduley,* at p. 548; former § 707, subd. (b)(6) & (b)(8).)

The law in effect at the time of Castillero's fitness hearing set out the following procedure: "At the juvenile court hearing to determine the question of fitness for treatment, a minor accused of such a crime has the burden of rebutting this presumption

4

of unfitness by a preponderance of the evidence. (Cal. Rules of Court, rule 1483(a).)[5] If a minor is declared not to be a fit and proper subject for treatment under the juvenile court law in accordance with the foregoing statutes, the district attorney may file an accusatory pleading against the minor in a court of criminal jurisdiction, and the case then proceeds according to the laws applicable to a criminal proceeding. (§ 707.1, subd (a).)" (*Manduley*, *supra*, 27 Cal.4th at pp. 548–549.)

Proposition 57, which took effect on November 9, 2016, significantly amended sections 602 and 707. These statutes no longer contain the presumption, described above, that a juvenile accused of certain serious crimes is unfit for juvenile court. (See former and current §§ 602, 707.) Now, if a prosecuting attorney wishes to try an accused minor as an adult, the prosecutor must file a motion in the juvenile court requesting that the juvenile court transfer the minor to adult/criminal court. (See § 707, subds. (a)(1) & (b); rule 5.766(a).) The juvenile court must then conduct a "transfer hearing" to determine if the matter should remain in juvenile court or be transferred to adult/criminal court. (*Lara*, *supra*, 4 Cal.5th at p. 303.)

"[T]here are key differences between a Proposition 57 transfer hearing and the analogous fitness hearing under prior law. Most notably, Proposition 57 shifts the burden of proof in the hearing. Under prior law, the juvenile court was bound by a rebuttable presumption that the defendant was not fit for the juvenile court system, whereas under current law there is no such presumption. (Welf. & Inst. Code, § 707, subd. (a).) In addition, the court at appellant's fitness hearing could not retain jurisdiction unless it found him fit for juvenile court under all five criteria. (Former Welf. & Inst. Code, § 707, subd. (c).) In a transfer hearing under current law, the court must consider all five factors, but has broad discretion in how to weigh them. (Welf. & Inst. Code, § 707, subd. (a)(2).)" (*People v. Garcia* (2018) 30 Cal.App.5th 316, 324–325 (*Garcia*).)

---

[5] All further rule references are to the California Rules of Court.

The California Supreme Court has concluded that Proposition 57 effected "an 'ameliorative change[ ] to the criminal law' " that must be applied to cases whose sentences were not yet final at the time it was enacted. (*Lara*, *supra*, 4 Cal.5th. at p. 309; see also *People v. Vieira* (2005) 35 Cal.4th 264, 306 ["[F]or the purpose of determining retroactive application of an amendment to a criminal statute, a judgment is not final until the time for petitioning for a writ of certiorari in the United States Supreme Court has passed."].)

Finally, Senate Bill No. 1391, which went into effect on January 1, 2019, amended section 707, subdivision (a)(1), to read: "In any case in which a minor is alleged to be a person described in Section 602 by reason of the violation, when he or she was 16 years of age or older, of any offense listed in subdivision (b) or any other felony criminal statute, the district attorney or other appropriate prosecuting officer may make a motion to transfer the minor from juvenile court to a court of criminal jurisdiction." (Sen. No. 1391 (2017-2018 Reg. Sess.) § 1; Stats. 2019, ch. 1012, § 1.) Following the entry into force of Senate Bill No. 1391, individuals who were under 16 years of age when they committed any criminal violation (including some of Castillero's counts of conviction) may no longer be transferred to adult/criminal court at all.[6]

The crimes to which Castillero pleaded guilty are affected in different ways by these statutory changes.

B. *Retroactivity*

Castillero argues, and the Attorney General concedes, that the adult/criminal court erred when it refused to transfer Castillero's case back to juvenile court for a transfer hearing under the procedures set out in Proposition 57. We agree. In *Lara* the California Supreme Court concluded that the provisions of Proposition 57 are retroactive and apply

---

[6] The bar on transfer to adult/criminal court includes an exception, not relevant here, for individuals who are not apprehended prior to the end of juvenile court jurisdiction. (§ 707, subd. (a)(2).)

to any individual whose sentence was not yet final when the law went into effect. (*Lara*, *supra*, 4 Cal.5th at p. 303.) *Lara*'s holding also applies to individuals, like Castillero, who had received a fitness hearing under the previous standards set out in sections 602 and 707. (*Garcia*, *supra*, 30 Cal.App.5th at p. 324 [holding "the fact that appellant received a fitness hearing before his case was transferred to adult court does not preclude him from receiving a new transfer hearing in accordance with *Lara*"].) Following these precedents, we reverse the judgment against Castillero and remand the case to adult/criminal court with directions to refer the entire case to juvenile court. We discuss below what should happen in juvenile court to each of the counts of conviction.

    C. *Procedure Upon Remand to Juvenile Court*

        1. <u>Counts 1 and 6</u>

Castillero was 15 years old when he committed the crime charged in count 1 and 14 years old when he committed the crime charged in count 6. Pursuant to the changes made to section 707, subdivision (a) by Senate Bill No. 1391, these counts are not subject to a motion to transfer to adult/criminal court.[7] (§ 707, subd. (a)(1) [limiting a motion to transfer to "any case in which a minor is alleged to be a person described in Section 602 by reason of the violation, when he or she was 16 years of age or older, of any offense listed in subdivision (b) or any other felony criminal statute"].)

Castillero states that "[i]f [his] case ends up back in adult court, his convictions in counts 1, 2, and 6 must be reversed and the charges dismissed." We address count 2 further below. We agree that the convictions for counts 1 and 6 must be reversed. However, Castillero cites no authority holding that counts 1 and 6 should be dismissed, rather than treated as juvenile adjudications. Following the procedure set out in *Garcia*,

---

[7] Neither party has argued on appeal that Senate Bill No. 1391 is unconstitutional, and we take no position on that question. (See *C.S. v. Superior Court* (2018) 29 Cal.App.5th 1009, 1038–1039.) If appropriately raised by one or both of the parties on remand, the juvenile court should address that question in the first instance.

*supra*, 30 Cal.App.5th 316, we conclude that the juvenile court should treat Castillero's convictions on counts 1 and 6 as juvenile adjudications and impose an appropriate juvenile disposition after a dispositional hearing. (*Id*. at p. 330; §§ 602, 707.)

### 2. Count 5

Castillero was 16 years old when he committed the crime charged in count 5. For the case involving the conduct underlying count 5, this conviction must be conditionally reversed and remanded to juvenile court for a transfer hearing. The juvenile court should hold a transfer hearing to determine if this case would have been transferred to adult/criminal court had it originally been filed in juvenile court in accordance with current law. If the juvenile court decides it would have transferred the case involving the conduct underlying count 5 to adult/criminal court, the conviction for count 5 must be transferred to adult/criminal court. (See *Lara*, *supra*, 4 Cal.5th at p. 310.)

In response to a request for supplemental briefing from this court, Castillero confirmed that he does not seek to withdraw from the plea agreement he entered into in adult/criminal court. The parties agree that, if any part of Castillero's case is transferred to adult/criminal court, that court will not have the authority to vacate the plea agreement. We join in that conclusion.

"[A]s a general rule, . . . requiring the parties' compliance with changes in the law made retroactive to them does not violate the terms of the plea agreement, nor does the failure of a plea agreement to reference the possibility the law might change translate into an implied promise the defendant will be unaffected by a change in the statutory consequences attending his or her conviction. To that extent, then, the terms of the plea agreement can be affected by changes in the law." (*Doe v. Harris* (2013) 57 Cal.4th 64, 73–74.) In enacting a proposition with retroactive effect, "[t]he electorate may bind the People to a unilateral change in a sentence without affording them the option to rescind the plea agreement." (*Harris v. Superior Court* (2016) 1 Cal.5th 984, 992 (*Harris*).) Castillero's plea agreement did not mention Proposition 57, and there is nothing in the

plea agreement that stated it would be unaffected by retroactive changes to the law. Therefore, Castillero's plea agreement implicitly incorporates such changes.[8]

In sum, if any of Castillero's counts are transferred to adult/criminal court, the convictions for those counts should be reinstated, and the trial court will not have the authority to vacate the plea agreement, even if it cannot sentence Castillero to the agreed-upon term of 40 years. Following transfer back to adult/criminal court, the adult/criminal court should resentence Castillero on any such convictions.

On the other hand, if the juvenile court finds in accordance with current law that it would not have transferred the case underlying count 5 to adult/criminal court, then it should treat this conviction as a juvenile adjudication and impose an appropriate juvenile disposition after a dispositional hearing. (See *Lara*, *supra*, 4 Cal.5th at p. 310.)

### 3. Count 2

The parties disagree on the appropriate procedure for the conviction for count 2 following its transfer to juvenile court. As described above, the record does not establish whether Castillero committed this crime when he was 15 or 16 years old. While the parties agree that the conviction for count 2 must be referred to the juvenile court in the first instance, Castillero argues the conviction must remain in juvenile court. Relying on *People v. Hiscox* (2006) 136 Cal.App.4th 253 (*Hiscox*), Castillero argues that judicial factfinding cannot cure the ambiguity about Castillero's age when he committed the relevant crime.

In *Hiscox*, the conduct underlying the defendant's conviction following a jury trial spanned the passage of the "one strike" law (Pen. Code, § 667.61), application of which increased the defendant's sentence beyond the previous statutory maximum. (*Hiscox*,

---

[8] Because it is not yet ripe for decision, we do not reach the question what should happen to the plea agreement if all Castillero's counts of conviction remain in juvenile court. (Compare *Harris*, *supra*, 1 Cal.5th at pp. 991–992 with *People v. Collins* (1978) 21 Cal.3d 208, 215–216.)

*supra*, 136 Cal.App.4th at pp. 257–258.)  Under those circumstances, the court concluded that it would violate the Sixth Amendment to cure any ambiguity in the offense date through judicial factfinding at the sentencing hearing.  The court stated, "We do not believe the *Jones* court [*People v. Jones* (1990) 51 Cal.3d 294], when it laid out the quantum of proof necessary for generic testimony to comply with the requirements of due process, contemplated that a failure to establish the minimum prerequisites at trial could be cured by judicial factfinding at the sentencing hearing.  Such a procedure would raise serious Sixth Amendment concerns."  (*Hiscox*, at p. 260.)

*Hiscox*, however, does not apply to Castillero's case, which will be adjudicated after remand in juvenile court.  "[N]either the state nor the federal Constitution guarantees a jury trial in a juvenile proceeding."  (*People v. Superior Court* (*Carl W.*) (1975) 15 Cal.3d 271, 274; see also *McKeiver v. Pennsylvania* (1971) 403 U.S. 528.)  The juvenile court judge is the "trier of fact."  (*In re Mitchell P.* (1978) 22 Cal.3d 946, 951.)  Therefore, the Sixth Amendment does not preclude determination by the juvenile court of the age at which Castillero committed the crime in count 2.  The double jeopardy clause similarly does not bar determination of Castillero's age by the juvenile court.  (See *People v. Figueroa* (1993) 20 Cal.App.4th 65, 72, fn. 2.)

Nevertheless, Castillero argues that, because his "plea and conviction could have been based on any one of potentially 30 different acts that occurred when [he] was 15 and 16 years old," "[t]here is no possible way for the trial court in this case to find beyond a reasonable doubt that the specific conduct underlying appellant's plea and conviction in count 2 occurred when he was 16 years old."  In light of the sparse factual record before us, Castillero has not persuaded us that the juvenile court will necessarily be unable to determine the date at which Castillero committed the crime of conviction for count 2.  We therefore conditionally reverse Castillero's conviction for count 2 and order the case remanded to juvenile court.

10

If the juvenile court finds beyond a reasonable doubt that Castillero committed the crime of conviction for count 2 when he was over 16 years old, then the juvenile court must hold a transfer hearing to determine if this case would have been transferred to adult/criminal court had it originally been filed in juvenile court in accordance with current law. If the juvenile court decides it would have transferred the case involving the conduct underlying count 2 to adult/criminal court, count 2 shall be transferred back to adult/criminal court and the conviction reinstated. As detailed in the discussion regarding count 5, the adult/criminal court must then resentence Castillero on count 2 and may not vacate the plea agreement.

If the juvenile court finds beyond a reasonable doubt that Castillero committed the crime of conviction for count 2 when he was less than 16 years old, or if the juvenile court cannot determine beyond a reasonable doubt Castillero's age at the time he committed the crime, then the juvenile court should treat his conviction for count 2 as a juvenile adjudication and impose an appropriate juvenile disposition after a dispositional hearing.

### III. DISPOSITION

The sentence is vacated. The convictions for counts 1 and 6 are reversed. The convictions for counts 2 and 5 are conditionally reversed. The matter is remanded to the trial court with directions to refer all counts of conviction to juvenile court. The juvenile court shall proceed on each count of conviction following the directions set out in Part II(C), *ante.*

11

_____
DANNER, J.

WE CONCUR:


_____
GREENWOOD, P.J.



_____
GROVER, J.





*The People v. Castillero*
**H044944**

| | |
|---|---|
| Trial Court: | Santa Clara County Superior Court, Case No.: F1557822 |
| Trial Judge: | Hon. Paul R. Bernal |
| Attorneys for Plaintiff/Respondent: The People | Xavier Becerra Attorney General of California Gerald A. Engler Chief Assistant Attorney General Jeffrey M. Laurence Senior Assistant Attorney General Catherine A. Rivlin Supervising Deputy Attorney General Basil R. Williams Deputy Attorney General |
| Attorney for Defendant/Appellant: Donovan Castillero | Under appointment by the Court of Appeal Michael Sampson |

*The People v. Castillero*
**H044944**