Filed 6/3/21  P. v. Rodriguez CA4/2

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION TWO


THE PEOPLE,

    Plaintiff and Respondent,

v.

ISAAC FERNANDO RODRIGUEZ,

    Defendant and Appellant.

E071612

(Super.Ct.Nos. INF1401548 & INJ020395)

OPINION


APPEAL from the Superior Court of Riverside County.  Mac R. Fisher, Judge.
Reversed and remanded in part; dismissed in part.

Barbara A. Smith, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Steve Oetting and Matthew Mulford, Deputy Attorneys General, for Plaintiff and Respondent.

1

Defendant and appellant Isaac Fernando Rodriguez was tried and convicted in adult criminal court on two counts of premeditated attempted murder for a shooting that took place when he was less than three weeks shy of his 16th birthday, and for one count of premeditated first degree murder and one count of discharging a firearm into an occupied motor vehicle for a shooting that took place six months later. The jury found true sentence enhancement allegations for defendant's firearm use, and the trial court sentenced him to state prison for 44 years to life.

After defendant was convicted but before he was sentenced, the Legislature enacted Senate Bill No. 1391 (2017-2018 Reg. Sess.) to amend Welfare and Institutions Code section 707. Except in extremely limited circumstances not applicable here, that amendment bars the juvenile court from transferring a minor who is 14 or 15 years old to adult criminal court. (Welf. & Inst. Code, § 707, subd. (a)(1)-(2), as amended by Stats. 2018, ch. 1012, § 1; *O.G. v. Superior Court* (2021) 11 Cal.5th 82, 87, 89, 97.) In this direct appeal, defendant argues he is entitled to the retroactive benefit of that statutory amendment and requests that we vacate his convictions on the attempted murder counts and remand to the juvenile court for appropriate adjudication of the alleged offenses. In addition, he argues that, because the juvenile court failed to issue a written and adequate statement of its reasons in the minutes for concluding he was not a fit and proper subject for treatment under the juvenile court law when it transferred him to adult criminal court, we should reverse his conviction for the offenses that were committed after he turned 16 years old and remand for the juvenile court to reconsider its decision to transfer him to adult criminal court.

The People agree with defendant that Senate Bill No. 1391 is both constitutional[1] and retroactively applicable to nonfinal judgments. However, because the order of the juvenile court transferring defendant to adult criminal court was not directly appealable, and defendant did not timely petition this court for extraordinary relief from that order before his trial in the adult criminal court, the People argue defendant waived any challenge to the transfer order, and it is now final. In addition, the People argue defendant was required to challenge by timely writ petition the juvenile court's failure to issue an adequate written statement of its reasons for transferring him to adult criminal court, he may not pursue that challenge on appeal from the judgment of the adult criminal court, and the error is harmless because the record contains the court's statement of reasons.

We agree with defendant that, after the enactment of Senate Bill No. 1391, the juvenile court lacked the authority to transfer him to adult criminal court for the attempted murders he committed before he turned 16 years old. Because at the time of his transfer the juvenile court did have such authority, and the change in the law did not take place until after he had already been tried and convicted in adult criminal court, he should not be penalized for failing to file a writ petition based on a legal claim of error that had not yet arisen. Therefore, his failure to timely petition this court for relief from the transfer order does not prevent him from arguing in this appeal that he is entitled to the retroactive benefit of Senate Bill No. 1391 to his attempted murder convictions. And,

---

[1] The question of Senate Bill No. 1391's constitutionality, though not directly at issue in this appeal, has since been favorably resolved by the California Supreme Court. (*O.G. v. Superior Court*, *supra*, 11 Cal.5th at pp. 87, 103.)

3

because the People concede the juvenile court no longer has the authority to transfer 14- and 15-year-old minors to adult criminal court, we must reverse the convictions and sentence and direct the adult criminal court to remand defendant to the juvenile court for that court to treat the convictions on counts 5 and 6 as juvenile adjudications and to conduct a dispositional hearing on them. Because we reverse the entire sentence, the adult criminal court shall resentence defendant on counts 1 and 2.

However, we agree with the People that defendant cannot challenge in this appeal the juvenile court's alleged failure to issue a written and adequate statement of reasons in the minutes for transferring defendant to adult criminal court. That claim of error was legally available to defendant at the time of the transfer order and could have been timely raised in a petition for writ of mandate. Because defendant did not do so, he is precluded from raising that claim in this appeal, and that portion of his appeal is dismissed. He may seek to address that claim of error in a petition for writ of habeas corpus.

I.

PROCEDURAL BACKGROUND[2]

Defendant was born on November 26, 1997. In a complaint filed on June 5, 2014, the People alleged that on November 9, 2013—less than three weeks before his 16th birthday—defendant committed the offense of premeditated attempted murder of two women (Pen. Code, §§ 664, 187, subd. (a), counts 5 & 6), and that on May 17, 2014— well after he turned 16—defendant committed the premeditated murder of one man (Pen.

---

[2] The historical facts of the offenses are irrelevant to the purely legal issues raised by defendant's appeal, so we will dispense with the normal recitation of the facts.

Code, § 187, subd. (a), count 1) and the premeditated attempted murder of three other men (Pen. Code, §§ 664, 187, subd. (a), counts 2-4).  The People alleged various firearm sentence enhancements and that defendant was at least 14 years old at the time of the offenses for purposes of filing charges directly in adult criminal court.  (Welf. & Inst. Code,[3] § 707.)

After a preliminary examination conducted on April 27, 2015, defendant was bound over for trial, and the People filed an information alleging the same counts and sentence allegations.  Trial was continued numerous times over the next two years or so. In the meantime, the voters enacted Proposition 57 (as approved, Gen. Elec. (Nov. 8, 2016)), which went into effect November 9, 2016.  That ballot initiative amended section 707 to prohibit the direct filing of charges in adult criminal court against minors under the age of 16 years and, instead, required prosecutors to file a wardship petition in the juvenile court and request a fitness hearing.  On March 29, 2017, defendant moved to have his case transferred to the juvenile court for a fitness hearing, arguing he was entitled to the retroactive benefit of Proposition 57.  The prosecutor opposed the request, but the trial court agreed Proposition 57 applied retroactively, granted defendant's motion, suspended criminal proceedings, and transferred the case to juvenile court.

On April 12, 2017, the People filed a wardship petition in the juvenile court alleging defendant was a minor within the description of section 602 for the same offenses alleged in the information.  The People moved for the juvenile court to conduct

_____

[3] All further statutory references are to the Welfare and Institutions Code unless otherwise indicated.

a fitness hearing under section 707 and to find defendant was not a fit and proper subject for treatment under the juvenile court law. After a hearing held February 2, 2018, the juvenile court found by a preponderance of the evidence that defendant did not meet the criteria for treatment under the juvenile court law and transferred the case back to adult criminal court.

Defendant's trial in adult criminal court commenced on August 21, 2018. On September 17, 2018, the trial court granted the People's oral motion to file an amended information. The People dismissed the attempted murder counts alleged in counts 3 and 4 and, in lieu of the attempted murder previously alleged in count 2, alleged that on May 17, 2014, defendant discharged a firearm into an occupied motor vehicle. (Pen. Code, § 246.)

On September 20, 2018, a jury found defendant guilty on all four counts alleged in the amended information (counts 1, 2, 5 & 6) and found true the firearm sentence enhancement allegations. Ten days later, the Governor signed into law Senate Bill No. 1391, which amended section 707 to effectively eliminate the ability of prosecutors to request a fitness hearing and transfer to adult criminal court minors who had committed their offenses when they were 14 or 15 years old.

Finally, on November 2, 2018, the trial court sentenced defendant to state prison for a determinate term of the middle term of five years for discharging a firearm at a motor vehicle; seven years to life for each attempted murder conviction; and 25 years to life for the premeditated murder, for a total indeterminate term of 39 years to life. The

6

trial court granted the prosecutor's motion to strike the punishment for the jury's true finding on the firearm enhancements, in the interests of justice. (Pen. Code, § 1385.)

## II.

## DISCUSSION

*A.     Defendant May Challenge the Juvenile Court's Transfer Order on Counts 5 and 6 In This Appeal from the Adult Criminal Court's Judgment, and He Is Entitled to the Retroactive Benefit of Senate Bill No. 1391 on Those Counts.*

Defendant contends he is entitled to the retroactive benefit of Senate Bill No. 1391 because the premeditated attempted murders alleged in counts 5 and 6 occurred when he was 15 years old, and we must vacate his convictions on those counts and remand to the juvenile court for appropriate adjudication.

As the People contend, the juvenile court's transfer order was not appealable, and defendant did not timely challenge the order by petitioning this court for an extraordinary writ. According to the People, defendant waived his right to challenge the transfer order, and it is now final. However, the People concede that, if we conclude the transfer order is not final, at least with respect to the attempted murder counts, defendant will be entitled to the retroactive benefit of Senate Bill No. 1391, and we should vacate the convictions on those counts and remand for the adult criminal court to transfer defendant back to the juvenile court for an appropriate disposition under the juvenile court law.

We agree with defendant that he is not barred from challenging the transfer order on counts 5 and 6, and that he is entitled to the retroactive benefit of Senate Bill No. 1391 on those counts. But, we disagree in part with his suggested remedy. He is entitled to a

7

reversal of the convictions and sentence imposed by the adult criminal court and a remand to the juvenile court for an appropriate disposition under the juvenile court law. He is not entitled to an adjudication hearing to determine whether he committed those offenses.

Appellate courts have "'no authority to hear an appeal in the absence of appellate jurisdiction.'" (*People v. Superior Court* (*Manuel G.*) (2002) 104 Cal.App.4th 915, 922.) "'"It is settled that the right of appeal is statutory and that a judgment or order is not appealable unless expressly made so by statute."'" (*People v. Mena* (2012) 54 Cal.4th 146, 152.) Appeals in juvenile delinquency proceedings are restricted to the orders and judgments enumerated in section 800. (*People v. Chi Ko Wong* (1976) 18 Cal.3d 698, 709, disapproved on another ground by *People v. Green* (1980) 21 Cal.3d 1, 33; *Ricki J. v. Superior Court* (2005) 128 Cal.App.4th 783, 788.)

Section 800 provides, inter alia, that a minor may appeal from "[a] judgment in a proceeding under Section 601 or 602 . . . in the same manner as any final judgment, and any subsequent order . . . as from an order after judgment." (§ 800, subd. (a).) The courts have long held that a transfer order under section 707 is not appealable. "An order pursuant to section 707 finding a juvenile unfit for treatment through juvenile court facilities is outside the express provisions of section 800 and is thus not an appealable order." (*People v. Chi Ko Wong*, *supra*, 18 Cal.3d at p. 709; accord, *People v. Superior Court* (*Jones*) (1998) 18 Cal.4th 667, 678 [order under § 707 not appealable "because no statute authorizing appeal of an adverse ruling by either the People or the minor exists"]; *In re Brekke* (1965) 233 Cal.App.2d 196, 199 ["Section 800 cannot be construed as

8

permitting an appeal from [an] order made . . . under section 707 without doing violence to both the reason and intent of that section.  We hold the order [is] not made appealable."].)

Likewise, the courts have long held that a defendant in an adult criminal proceeding may not challenge the validity of a juvenile court order under section 707 transferring him or her to adult criminal court "on direct appeal of an ensuing criminal conviction . . . ."  (*People v. Chi Ko Wong*, *supra*, 18 Cal.3d at p. 709; see *id.*, at pp. 710-712.)  Instead, a claim that the certification order was invalid "may normally be challenged only by extraordinary writ in collateral proceedings commenced prior to the commencement of the trial on those charges for which the defendant is certified as unfit for treatment with juvenile court facilities."[4]  (*Id.* at p. 714; accord, *Ramona R. v. Superior Court* (1985) 37 Cal.3d 802, 804, fn. 1.)  As a consequence, "[a] defendant who fails to avail himself of such a timely review will be deemed to have waived any challenge to the propriety of the certification."  (*People v. Chi Ko Wong*, at p. 714.)

However, the courts have also held that a defendant may "assert in a proper case by petition for the writ of habeas corpus a challenge to his detention on the ground of a fundamental jurisdictional defect [citation] or . . . a challenge . . . which may have been

---

**4** The California Rules of Court reflect this body of decisional law.  "An order granting or denying a motion to transfer jurisdiction of a child to the criminal court is not an appealable order.  Appellate review of the order is by petition for extraordinary writ. Any petition for review of a judge's order to transfer jurisdiction of the child to the criminal court, or denying an application for rehearing of the referee's determination to transfer jurisdiction of the child to the criminal court, must be filed no later than 20 days after the child's first arraignment on an accusatory pleading based on the allegations that led to the transfer of jurisdiction order."  (Cal. Rules of Court, rule 5.770(g).)

waived but which . . . the accused nevertheless preserved by timely if unsuccessful action."  (*People v. Chi Ko Wong*, *supra*, 18 Cal.3d at p. 716; see *In re Harris* (1993) 5 Cal.4th 813, 842-843 [a defendant's failure to timely challenge juvenile court's certification order by pretrial writ did not waive the right to challenge adult court's lack of fundamental jurisdiction by habeas petition].)

Building on the authority just discussed, the People argue defendant is barred from challenging the transfer order with respect to counts 5 and 6 because he did not timely challenge the transfer order by writ petition before his trial started in the adult criminal court.  By not pursuing a writ, according to the People, defendant waived any appellate challenge to the transfer order, and that order is now final.  We disagree.

Nothing in *People v. Chi Ko Wong*, *supra*, 18 Cal.3d 698, mandates that a minor must be prescient and anticipate a claim of error that will not arise until well after he or she is transferred to adult criminal court and after the trial has commenced.  (Cf. *People v. Castellanos* (2020) 51 Cal.App.5th 267, 274-275 [defendant who pleaded guilty did not waive his right to appeal electronic search terms of probation that did not comply with constitutional standards enunciated by the Supreme Court *well after* the plea was taken; the subsequent Supreme Court decision "effected a change in the law and set forth a new standard that [the defendant] could not have anticipated when he entered his waiver"].)  At the time, the juvenile court had jurisdiction to transfer defendant to adult criminal court on counts 5 and 6.  Had he petitioned this court and argued the court *lacked* jurisdiction to transfer him, we would undoubtedly have denied it as frivolous. Therefore, we cannot say in retrospect that his failure to engage in such an idle act

constitutes a waiver of his claim on appeal. (Civ. Code, § 3532 ["The law neither does nor requires idle acts."].)

As the California Supreme Court recently noted, Senate Bill No. 1391 eliminated the ability of the juvenile court to transfer 14- and 15-year old minors to adult criminal court. (*O.G. v. Superior Court*, *supra*, 11 Cal.5th at pp. 87, 89, 97.) The People agree with defendant that Senate Bill No. 1391 applies retroactively to nonfinal criminal judgments, and we accept that concession. (See *People v. Hwang* (2021) 60 Cal.App.5th 358, 364-366, review granted Apr. 14, 2021, S267274 [holding Sen. Bill No. 1391 applies retroactively].) Consequently, defendant is entitled to the benefit of that ameliorative amendment with respect to count 5 and 6.

But, as the People contend, the appropriate remedy is not to return defendant to the juvenile court to start over on counts 5 and 6. In the analogous context under Proposition 57, the courts have held that the appropriate remedy for an erroneous transfer order was to conditionally reverse the conviction and sentence imposed in the adult criminal court; remand for the juvenile court to conduct an appropriate transfer hearing; and, if the juvenile court did not once more transfer the minor to adult criminal court, it was required to treat the convictions as juvenile adjudications and conduct a disposition hearing. (*People v. Superior Court* (*Lara*) (2018) 4 Cal.5th 299, 313; *People v. Castillero* (2019) 33 Cal.App.5th 393, 400; *People v. Garcia* (2018) 30 Cal.App.5th 316, 324, 330; *People v. Vela* (2018) 21 Cal.App.5th 1099, 1113.) There is no need to conditionally reverse in this case because no transfer hearing may take place on counts 5 and 6 once they are remanded to the juvenile court. But neither is there is a need for an

11

adjudication hearing on those counts. (See *People v. Vela*, at p. 1112 ["The jury's convictions, as well as its true findings as to the sentencing enhancements, will remain in place. . . . [The defendant] has already had a jury trial with all the rights afforded to him in that proceeding; 12 jurors found him guilty beyond a reasonable doubt."].)

Therefore, we reverse the convictions on counts 5 and 6 and the sentence, and remand for the adult criminal court to transfer defendant back to the juvenile court for a disposition under the juvenile court law for counts 5 and 6. The adult criminal court shall thereafter resentence defendant on counts 1 and 2.

B.      *Defendant Is Barred From Challenging In This Appeal the Juvenile Court's Alleged Failure to Issue a Written and Adequate Statement of Reasons for the Transfer Order.*

In addition, defendant argues the juvenile court erred by not issuing a written statement of its reasons for finding him unfit for treatment under the juvenile court law, the court's oral statement of reasons is inadequate for purposes of appellate review, and we must remand for the juvenile court to issue such a written statement. The People contend defendant was required to timely challenge the juvenile court's failure to issue an adequate, written statement of reasons in a petition for extraordinary writ before his trial in adult criminal court, and that claim of error is not cognizable on appeal from the judgment. We agree with the People.

Although defendant was not required to anticipate the changes in the juvenile court law made by Senate Bill No. 1391 and file a writ petition challenging the juvenile court's jurisdiction to transfer him for offenses committed before he turned 16 years old,

12

he *was* required to timely address any other aspects of the transfer order that were arguably erroneous under then-existing law.  At the time of defendant's February 12, 2018 transfer order, section 707 already provided that if a juvenile court finds a minor unfit for treatment under the juvenile court law, it "shall recite the basis for its decision in an order entered upon the minutes."  (Former § 707, subd. (a)(2), Stats. 2015, ch 234, § 2, as amend. by Prop. 57, § 4.2, eff. Nov. 9, 2016; see *J.N. v Superior Court* (2018) 23 Cal.App.5th 706, 711.)  Decades earlier, the United States Supreme Court held that a statement of reasons for finding a minor to be unfit for treatment as a juvenile "must set forth the basis for the order with sufficient specificity to permit meaningful review." (*Kent v. United States* (1966) 383 U.S. 541, 561; see *In re Sturm* (1974) 11 Cal.3d 258, 269.)  And, the California courts have long held that the requirement applies to section 707.  (*People v. Chi Ko Wong*, *supra*, 18 Cal.3d at pp. 721-722; *Juan T. v. Superior Court* (1975) 49 Cal.App.3d 207, 210-212.)

In other words, defendant's claims of error with respect to the juvenile court's statement of reasons for the transfer order—that the court made the statement orally and not in the minutes, and that the statement does not provide sufficient detail to permit meaningful review on appeal—were already ripe and arguably supported by existing law at the time of the order.  Preserving them required no prescience, only diligence.  Because defendant did not timely challenge those alleged defects in the transfer order by writ petition, he has waived his ability to pursue them in this appeal.  (*People v. Chi Ko Wong*, *supra*, 18 Cal.3d at p. 714.)  He may, however, attempt to pursue them in a petition for writ of habeas corpus filed in an appropriate court.  (*Id*. at p. 716; *In re Harris*, *supra*,

13

5 Cal.4th at pp. 842-843.)  We express no opinion here on the merits of such a challenge or whether there might be some procedural bar to such a proceeding at this point.

## III.

## DISPOSITION

Defendant's convictions on counts 5 and 6 and his sentence are reversed.  The adult criminal court shall remand defendant to the juvenile court solely for purposes of counts 5 and 6, and the adult criminal court shall resentence defendant on counts 1 and 2. On remand from the adult criminal court, the juvenile court shall treat defendant's convictions on counts 5 and 6 as juvenile adjudications and conduct a dispositional hearing within the relevant time limits.

The appeal is dismissed with respect to defendant's claim of error regarding the juvenile court's statement of reasons for the order transferring him to adult criminal court.  The dismissal shall be without prejudice to defendant pursuing any relief available to him on habeas corpus.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

McKINSTER

J.

We concur:

RAMIREZ

P. J.

SLOUGH

J.

14