Filed 5/10/24  P. v. See CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>AITANG SEE,<br><br>Defendant and Appellant. | F085986<br><br>(Super. Ct. No. VCF171678B)<br><br>**OPINION** |

APPEAL from a judgment of the Superior Court of Tulare County.  Antonio A. Reyes, Judge.

Victor J. Morse, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Robert Gezi, Darren Indermill, Eric Christoffersen and William K. Kim, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Now 33 years old, appellant Aitang See was convicted of a murder committed in 2006 when he was a juvenile. This appeal followed the 2023 denial of his petition seeking relief from his murder conviction under Penal Code section 1172.6.[1] Rather than challenging the denial of his petition, appellant claims that the trial court's 2022 order reducing his restitution fine, issued in response to a motion he filed, rendered his judgment nonfinal. He, therefore, seeks retroactive relief pursuant to Proposition 57; Senate Bills Nos. 620, 1391, and 81; and Assembly Bill No. 333.[2]

We conclude the trial court lacked jurisdiction to reduce appellant's restitution fine years after judgment became final. We vacate the two related orders issued by the court, direct the issuance of an amended abstract of judgment to include correction of an error identified in *See I*, and otherwise dismiss the appeal.[3]

## PROCEDURAL BACKGROUND

### I. *See I*

In 2006, 15-year-old appellant and 16-year-old codefendants C.S. and L.S., along with Billy Her[4] and a fifth unidentified male, approached 16-year-old Robert Trevino, who was a rival gang member. Her shook Trevino's hand and pointed. As Trevino turned to look, C.S. shot him in the head, killing him. In 2008, appellant, C.S., and L.S. were convicted of murder and conspiracy to commit murder, and the jury found the

---

[1] All further statutory references are to the Penal Code unless otherwise specified.

[2] Proposition 57 (as approved by voters, Gen. Elec. (Nov. 8, 2016) (Proposition 57) [amending Welf. & Inst. Code, § 707]; Senate Bill No. 620 (2017–2018 Reg. Sess.) (Senate Bill 620) [amending § 12022.53, eff. Jan. 1, 2018]; Senate Bill No. 1391 (2017–2018 Reg. Sess.) Senate Bill 1391) [amending Welf. & Inst. Code, § 707, eff. Jan. 1, 2019]; Senate Bill No. 81 (2021–2022 Reg. Sess.) (Senate Bill 81) [amending § 1385, eff. Jan. 1, 2022]; and Assembly Bill No. 333 (2021–2022 Reg. Sess.) (Assembly Bill 333) [amending § 186.22 & adding § 1109, eff. Jan. 1, 2022].

[3] We granted appellant's request for judicial notice of our prior nonpublished opinion in *People v. See* (Dec. 18, 2009, F055800) (*See I*). (Evid. Code, §§ 452, subd. (d), 459.)

[4] Her was convicted of voluntary manslaughter pursuant to a plea agreement and testified for the prosecution.

2.

gang-murder special circumstance, gang enhancement, and firearm enhancement allegations true. (§§ 187, subd. (a), 182, 190.2, subd. (a)(22), 186.22, subd. (b)(1), 12022.53, subds. (c), (d) & (e)(1).) Appellant was sentenced to 25 years to life in prison, and C.S. and L.S. were sentenced to life without the possibility of parole (LWOP). All three received additional consecutive sentences of 25 years to life for the firearm enhancement.

In 2009, in *See I*, this court affirmed the judgments of appellant, C.S., and L.S. but ordered corrections to their abstracts of judgment. The California Supreme Court denied their petitions for review and their judgments became final.[5]

## II. Motions and Petition

In November 2022, appellant filed a motion seeking to stay his outstanding fines and restitution, pursuant to Assembly Bill No. 1869, effective July 1, 2021, and Assembly Bill No. 177, effective January 1, 2022.[6] In response, the trial court issued an ex parte minute order reducing appellant's $5,000 restitution fine imposed under section 1202.4, subdivision (b)(1), to $1,000, and an amended abstract of judgment reflecting the reduction.

In December 2022, appellant filed a motion arguing that judgment was no longer final in his case given the court's recent reduction of his restitution fine. He requested the court grant him relief from his adult criminal conviction under Proposition 57 and Senate Bill 1391, and permit him to seek relief from the firearm enhancement under section 12022.53 as amended by Senate Bill 620. The motion also referenced *Tirado*, in

---

[5]  We take judicial notice of our nonpublished opinions in *People v. See* (Oct. 16, 2018, F074460) (appeal by L.S.) and *People v. See* (Sept. 23, 2021, F079261) (appeal by C.S.). As addressed therein, because C.S. and L.S. were juveniles sentenced to LWOP, they were resentenced to 25 years to life following the United States Supreme Court's decision in *Miller v. Alabama* (2012) 567 U.S. 460. This rendered their judgments nonfinal and afforded them relief under retroactive changes in the law, including transfer hearings under Proposition 57.

[6]  Assembly Bill No. 1869 (2019–2020 Reg. Sess.) (Assembly Bill 1869) and Assembly Bill No. 177 (2021–2022 Reg. Sess.) (Assembly Bill 177).

which the California Supreme Court resolved a split among the appellate courts and held that the trial court has the discretion to substitute a lesser enhancement under section 12022.53 under certain circumstances. (*People v. Tirado* (2022) 12 Cal.5th 688, 700 & fn. 12.) The court set the matter for hearing.

Prior to the hearing date, appellant filed a petition seeking to have his murder conviction vacated and for resentencing under section 1172.6.[7] The People opposed the petition. The court appointed counsel and set the petition and appellant's motion for relief under Proposition 57 and Senate Bill 1391 for hearing.

### III. Hearing and Appeal

In February 2023, the trial court held a hearing on appellant's petition. The prosecutor argued that because appellant was convicted of conspiracy to commit murder, which requires intent to kill, he was not entitled to relief under section 1172.6. (E.g., *In re Lopez* (2023) 14 Cal.5th 562, 588 ["Conspiracy to murder requires not only intent to kill, but also intent to agree and actual agreement."].) The trial court subsequently denied the petition, but continued the *Franklin*[8] hearing that had been set for six months. Although there was no discussion about appellant's other requests for relief, the minute order reflects denial of his motions for relief under Proposition 57 and Senate Bill 1391.[9]

Appellant filed a timely notice of appeal. He does not challenge the denial of his section 1172.6 petition, but, premised on the proposition that the trial court's November 2022 minute order reducing his restitution fine reopened judgment, he argues that under Proposition 57 and Senate Bill 1391, he is entitled to remand to have his adult

---

[7] The petition cited former section 1170.95, which effective June 30, 2022, was renumbered to section 1172.6. (Assem. Bill No. 200 (2021–2022 Reg. Sess.).)

[8] *People v. Franklin* (2016) 63 Cal.4th 261.

[9] The order does not refer to appellant's request for relief under Senate Bill 620.

convictions redesignated as juvenile adjudications and to be resentenced.[10] He also seeks remand so the court may consider whether to dismiss or strike the firearm enhancement under the law as amended by Senate Bill 620 and Senate Bill 81, and he seeks reversal of his convictions and the jury's gang-murder special circumstance, gang enhancement, and firearm enhancement findings in light of Assembly Bill 333, which amended section 186.22 and added section 1109 to the Penal Code. Finally, appellant requests the issuance of an amended abstract of judgment reflecting imposition of the firearm enhancement under section 12022.53, subdivisions (d) and (e)(1), rather than just subdivision (d).

The People argue that appellant's judgment became final in 2010 and the trial court's order reducing his restitution fine did not reopen judgment because the court lacked jurisdiction to issue the order. Alternately, they argue that if the court had jurisdiction to reduce the restitution fine, the order doing so did not reopen judgment. The People also disagree that the abstract of judgment requires correction.

## DISCUSSION

### I. Orders Addressing Appellant's Motions Void for Lack of Jurisdiction

"The right to appeal is statutory only, and a party may not appeal a trial court's judgment, order or ruling unless such is expressly made appealable by statute." (*People v. Loper* (2015) 60 Cal.4th 1155, 1159.) In this instance, availing himself of the statutory process provided for by the Legislature in section 1172.6, appellant filed a petition seeking relief from his murder conviction and he timely appealed following the denial of his petition. (§§ 1172.6, subd. (a), 1237, subd. (b); *People v. Gentile* (2020) 10 Cal.5th 830, 858.) However, the claims he advances on appeal do not relate to the ruling on his

---

[10] Following the enactment of Senate Bill 1391, "as a general matter, 'individuals who were under 16 years of age when they committed any criminal violation … may no longer be transferred to adult/criminal court at all.'" (*People v. Keel* (2022) 84 Cal.App.5th 546, 563, quoting *People v. Castillero* (2019) 33 Cal.App.5th 393, 399.)

petition. Rather, he claims the court's ruling on his earlier motion seeking relief from fines and restitution under Assembly Bills 1869 and 177 reopened his long final judgment, affording him the ability to avail himself of changes in the law that apply retroactively in nonfinal cases.

As an initial matter, when the trial court sentenced appellant in 2008, it imposed a $5,000 restitution fine under section 1202.4, subdivision (b)(1); a court fee of $20 per count under former section 1465.8, subdivision (a)(1),[11] for a total of $40; and victim restitution under section 1202.4, subdivision (f). The changes effected by Assembly Bills 1869 and 177 do not include relief from either the restitution fine or the court fee imposed in this case.[12] Thus, even if appellant's judgment had been nonfinal at the time he brought the motion, entitling him to seek retroactive application of the changes effected by Assembly Bills 1869 and 177, neither bill would have afforded him relief from the restitution fine or the court fee imposed in this case.

Regardless of the underlying merits of appellant's motion, judgment was long final at the time he sought relief under Assembly Bills 1869 and 177, which raises the question whether the trial court had jurisdiction to consider the motion in the first instance. In response to the People's argument that the trial court lacked jurisdiction to reduce appellant's restitution fine, appellant contends the People forfeited their argument by failing to either object or appeal the order. We reject this assertion. It is well settled that we must consider the issue of jurisdiction, even if it was overlooked by the trial court

---

[11]    The court fee was later increased and is now $40 per count. (Sen. Bill No. 13X4 (2009–2010 4th Ex. Sess.) [$30]; Sen. Bill No. 857 (2009–2010 Reg. Sess.) [$40].)

[12]    Assembly Bill 1869, which added Penal Code section 1465.9 and Government Code section 6111, "'eliminate[d] the range of administrative fees that agencies and courts are authorized to impose to fund elements of the criminal legal system and … eliminate[d] all outstanding debt incurred as a result of the imposition of [identified] administrative fees.'" (*People v. Greeley* (2021) 70 Cal.App.5th 609, 625, quoting Stats. 2020, ch. 92, § 2.) Subsequently, Assembly Bill 177 repealed the authority to collect certain fees and made the unpaid balance unenforceable and uncollectible.

and the parties below. (*People v. Lara* (2010) 48 Cal.4th 216, 225 ["'[F]undamental jurisdiction cannot be conferred by waiver, estoppel, or consent. Rather, an act beyond a court's jurisdiction in the fundamental sense is null and void' *ab initio*."]; accord, *People v. Hoyt* (2020) 8 Cal.5th 892, 911; *Jennings v. Marralle* (1994) 8 Cal.4th 121, 126–127.)

"In general, '"once a judgment is rendered and execution of the sentence has begun, the trial court does not have jurisdiction to vacate or modify the sentence."'" (*People v. Cota* (2023) 97 Cal.App.5th 318, 329 (*Cota*), quoting *People v. King* (2022) 77 Cal.App.5th 629, 634 (*King*); accord, *People v. Gray* (2024) 101 Cal.App.5th 148, 164.) There are exceptions to this rule.**13** (*Cota, supra*, at 329, citing §§ 1170.18, 1170.126, 1172.1, 1172.6, & *King, supra*, at p. 637; accord, *Gray, supra*, at pp. 164–165.) However, appellant identifies none that apply here and neither Assembly Bill 1869 nor Assembly Bill 177 created a statutory exception, the merits of appellant's request for relief under those bills notwithstanding. "[A] freestanding motion challenging an incarcerated defendant's sentence is not a proper procedural mechanism to seek relief. A motion is not an independent remedy, but must be attached to some ongoing action." (*King, supra*, at p. 640, citing *In re Cook* (2019) 7 Cal.5th 439, 451; accord, *Cota, supra*, at pp. 329–330; *Gray, supra*, at p. 165.)

Accordingly, because the trial court lacked jurisdiction to reduce appellant's restitution fine to $1,000 in response to his motion for relief under Assembly Bills 1869

---

**13** For example, as explained in *King*, under section 1172.1, subdivision (a), formerly section 1170.03, subdivision (a), the trial court has "the authority to recall a sentence on its own motion within 120 days of the defendant's remand, or at any time upon a request by various law enforcement officials. ([*People v.*] *Torres* [(2020)] 44 Cal.App.5th [1081,] 1085, citing former § 1170, subd. (d)(1).) The Legislature has also created other specific statutory avenues for incarcerated defendants to seek resentencing in particular cases. (See, e.g., §§ [1172.6], 1170.126, 1170.18.) If a modification does not make a substantive change to a sentence but simply corrects a clerical error, the trial court has the inherent power to correct its own records at any time. (*People v. Mitchell* (2001) 26 Cal.4th 181, 185.) And a trial court may of course rule on a defendant's challenge to an unlawful sentence in a properly filed petition for a writ of habeas corpus. (See, e.g., *In re Harris* (1993) 5 Cal.4th 813, 823, 838–839 [writ of habeas

and 177, the court's order is void, as is the court's subsequent order denying appellant's separate motion for relief under Proposition 57 and Senate Bill 1391. Given this conclusion, the parties' alternate dispute over whether the order reducing the restitution fine rendered judgment nonfinal and appellant's claim the court erred when it denied him relief under Proposition 57 and Senate Bills 1391 and 620 are moot and we do not reach them.

## II.    Abstract of Judgment

In *See I*, for the purpose of clarifying that the firearm enhancement was imposed based on appellant's involvement as a principal rather than because he personally discharged the firearm, this court ordered the trial court to correct item 6 on the abstract of judgment to reflect imposition of the firearm enhancement under section 12022.53, subdivisions (d) and (e)(1). Appellant points out that the error this court ordered corrected remains in the abstract of judgment. The People argue that the information appellant was sentenced to 25 years to life under section 12022.53, subdivision (d), is not incorrect, as they did in *See I*, but if we disagree, we may order the correction.

---

corpus available to review claim that a sentence imposed is illegal or longer than that permitted by law].)" (*King, supra*, 77 Cal.App.5th at p. 637.)

Recently, the Legislature broadened the existing exception under section 1172.1. (Assem. Bill No 88 (2023–2024 Reg. Sess.) Effective January 1, 2024, the statute provides "the court may, on its own motion, within 120 days of the date of commitment *or at any time if the applicable sentencing laws at the time of original sentencing are subsequently changed by new statutory authority or case law…* recall the sentence and commitment previously ordered and resentence the defendant in the same manner as if they had not previously been sentenced, whether or not the defendant is still in custody, and provided the new sentence, if any, is no greater than the initial sentence." (§ 1172.1, subd. (a)(1), italics added; accord, *People v. Dain* (2024) 99 Cal.App.5th 399, 412 [citing Assem. Bill No. 600 (2023–2024 Reg. Sess.].) While the statute does not preclude a defendant from requesting relief, it expressly provides, "A defendant is not entitled to file a petition seeking relief from the court under this section. If a defendant requests consideration for relief under this section, the court is not required to respond." (§ 1172.1, subd. (c).)

We may order the correction of clerical errors on review.[14]  (*People v. Mitchell* (2001) 26 Cal.4th 181, 185, citing *In re Candelario* (1970) 3 Cal.3d 702, 705.)  The correction appellant seeks was ordered by this court in *See I*, but not given effect. Therefore, we direct the trial court to correct item 6, bos (d) in the abstract of judgment to reflect imposition of 25 years to life pursuant to section 12022.53, subdivisions (d) and (e)(1).

## DISPOSITION

The trial court's order of November 17, 2022, reducing appellant's restitution fine to $1,000 and order of February 23, 2023, denying appellant's motion for relief under Proposition 57 and Senate Bill 1391 are vacated as void for lack of jurisdiction.  The court shall issue and forward to the appropriate authorities an amended abstract of judgment, one, reflecting the restitution fine imposed under section 1202.4, subdivision (b)(1), is $5,000 and, two, correcting item 6, box (d) to reflect imposition of a 25 year-to-life sentence pursuant to section 12022.53, subdivisions (d) and (e)(1).

The appeal is otherwise dismissed.


MEEHAN, J.

WE CONCUR:


LEVY, Acting P. J.


FRANSON, J.

---

[14]     As discussed, appellant timely appealed following the denial of his section 1172.6 petition.  Although he does not challenge that ruling or raise any appealable issues, we accept the People's concession that we may order the requested correction to the abstract of judgment.